Smith v. Fife.

## Smith v. Fife.

PRACTICE : *Record for Supreme Court.* The Court again animadverts upon the practice of inserting in the transcript, filed here, of the record of the District Court, papers and entries upon which no question is raised.

COUNTERCLAIM : *Waste by mortgagee in possession.* In an action by a mortgagee, after sale on foreclosure, to recover deficiency of the proceeds of the sale to pay the mortgage debt, the mortgagor may allege, by way of counterclaim, damages sustained by him on account of waste committed by the mortgagee in possession between the decree and sale.

This is a petition in error to review a judgment of the District Court for Cass County. The facts are sufficiently stated in the opinion of the Court.

*T. M. Marquette,* for plaintiff in error.

1. The facts set forth in the answer do not constitute a defence to the plaintiff's cause of action. *Cleveland & Pittsburgh Railroad Co.* v. *Stackhouse,* 10 *Ohio St.,* 327; *Van Sanvoord's Pleadings,* 565, 566, 569.

2. Where no cause of defence is stated, the objection can be taken for the first time on error. *Edgerton* v. *Page,* 20 *N. Y.,* 281; *Powers* v. *Reed,* 19 *Ohio St.,* 189; 26 *Ind.,* 48.

3. The verdict is against the weight of evidence.

*W. Pottenger,* for defendant in error.

1. In order that this Court should consider the motion for a new trial, the record must show an exception to the order overruling the same. *Morgan* v. *Boyd,* 13 *Ohio St.,* 281; *Monroe* v. *Elburt,* 1 *Neb.,* 174.

Smith *v.* Fife.

2. And so also of all other errors here complained of, exceptions duly taken and saved by bill. *Doe* v. *Brown*, 6 *Ohio St.*, 12; *Kline* v. *Wyne*, 10 *Iowa*, 221.

3. No memorandum of the judge who tried the cause not embodied in the bill of exceptions is any part of the record. *Hallum* v. *Jacks*, 11 *Ohio St.*, 692.

Lake, J.

We have taken occasion heretofore to condemn the too common practice of including in the record of the case a large amount of materials which can have no possible bearing upon the question to be considered, and which compels the Court to spend a great deal of time in culling from a mass of rubbish that which alone ought to be brought here.

And here we again have an example of this objectionable mode of making up a record. We have a complete transcript of every paper filed in the case in the District Court, from the petition down. The original petition and answer were superseded by an amended petition and answer, upon which the case was tried. There is no question raised in the Court below as to any ruling, until we reach the demurrer to the answer to the amended petition. This renders wholly useless more than two-thirds of this entire record, including the original petition, affidavit for an attachment, præcipe, summons, order of attachment, list of property attached *alias* summons, original answer, motion for leave to file answer, motion to strike answer from the files, demurrer to answer, and the several rulings of the Court up to the time of filing the amended petition. A little care in directing the clerk as to what should be included in the transcript would benefit both the court and counsel, and result in a great saving of expense.

## Smith *v.* Fife.

This case was brought in the Court below to recover a balance alleged to be due to the plaintiff on a decree of foreclosure, after exhausting the security by sale of the mortgage premises.

The answer admits all the allegations of the petition as to the foreclosure and sale of the premises, and the balance that remained unsatisfied of the sum found due by the decree.

But the defendant answers, by way of counterclaim, that after the decree of foreclosure was entered, but before the sale, the plaintiff entered upon the mortgage premises, and sold and removed therefrom a great portion of the improvements, whereby he was damaged in a sum much larger than what remained unsatisfied of the mortgage debt.

This demand was set forth in two counts, to both of which the plaintiff demurred. The Court sustained the demurrer to the second count, but overruled it as to the first; to which ruling the plaintiff duly excepted. No reply was filed to the answer; at least, none is found in the record.

Upon the trial to a jury, a verdict was returned for the defendant, which the plaintiff moved to set aside. This motion was overruled, and judgment entered on the verdict, against the plaintiff for costs.

The sole question presented is this : Can a defendant, in an action brought to recover the amount remaining unsatisfied of the mortgage debt, set up as a counterclaim the damages he has sustained by reason of waste committed by the mortgagee in possession between the entry of the decree and sale of the mortgage premises ?

We do not think that waste committed by a mortgagee before the decree, that the right of the mortgagor to be credited with the amount of the damages

SMITH *v.* FIFE.

done him, in a suit brought to foreclose the mortgage, would be questioned.

In *Allen* v. *Shackelton*, 15 *Ohio State*, 145, it was held, that, in an action by a mortgagee against a mortgagor for the sale of the mortgage premises, the mortgage being given to secure the purchase money, the mortgagor was entitled to set up as a counterclaim the damages which he had sustained by reason of fraud practised upon him, in the sale of the same premises, by the mortgagee.

We are unable to see any substantial distinction between that case and the one before us; nor do we see that any injustice could result to the plaintiff by calling on him to respond in this action for the damages he had done to the premises while thus in possession.

Our statute relating to and defining a counterclaim was borrowed from the code of Ohio; and the construction given to it by the courts of that State should have great weight with us.

One of the chief objects of this statute was to prevent multiplicity of suits, and to enable parties, when before the courts, to have a complete determination of all claims of the defendant, "arising out of the contract *or transaction* set forth in the petition, as the foundation of the plaintiff's claim, *or connected with the subject of the action.*"

We are of opinion that there is no substantial error in the record, and the judgment of the District Court must be affirmed.

Judgment accordingly.