W. H. HUGHES, Ex'r and another v. WILLIAM BOONE.

*Guardian Bonds—Contribution—Joinder of Parties.*

C was co-surety with the defendant in one, and S in another, of three guardian bonds, each in the same penal sum. The bonds being put in suit for a deficit of the principal, it was ascertained that he and the sureties to the third bond were insolvent. Defendant paid one-third of the judgment and refused to pay more; *Held*, that C and S, upon pay_ ing the balance of the judgment, were entitled to maintain a joint action against the defendant for the difference between the one-third paid by him and the one-half of the judgment.

(*Jones* v. *Hays*, 3 Ire. Eq., 502; *Jones* v. *Blanton*, 6 Ire. Eq., 115, cited and approved.)

CIVIL ACTION tried at Fall Term, 1878, of NORTHAMPTON Superior Court, before *Seymour, J.*

This action was brought for contribution, and upon the facts set out in the opinion delivered by Mr. Justice ASHE, the court below gave judgment for plaintiffs and the defendant appealed.

*Messrs. Mullen & Moore* and *W. C. Bowen,* for plaintiffs.
*Messrs. Reade, Busbee & Busbee,* for defendant.

ASHE, J. The record in this case shows that Nicholas Peebles, on the ... day of ........., A. D. 18..., was duly appointed guardian of Ellen T. Peebles, by the county court of Northampton, and gave successively three bonds, in the penal sums of four thousand dollars each for the faithful discharge of his duties as guardian.

In the first bond William Boone, the defendant, and W. J. Capehart, one of the plaintiffs, were the sureties; in the second, the sureties were the said Boone and W. T. Stevenson, the testator of the other plaintiff, W. H. Hughes; and in the third, Samuel T. Stewart and James W. Stancil were the sureties.

On the 19th of April, 1871, an action was brought in the superior court of Northampton county, in the name of the state of North Carolina, on the relation of W. R. Cox, solicitor, against the said Nicholas Peebles, Samuel T. Stancil, James W. Newsom, W. T. Stevenson, William Boone and W. J. Capehart for an account of the guardianship of the said Peebles and for the payment of whatever sum may be ascertained to be due to his said ward.

During the pendency of this action, James W. Newsom was adjudged a bankrupt and obtained his final discharge. Samuel T. Stancil died insolvent, and it is admitted that Nicholas Peebles, the guardian, was insolvent.

The judgment was rendered in the said action against W. T. Stevenson, W. J. Capehart and William Boone for the sum of two thousand and sixty-one dollars and seventy-

eight cents, which was satisfied by each of them paying off the one-third thereof.

This action was then instituted by W. J. Capehart and W. T. Stevenson to recover from W. Boone, contribution as co-surety with them on the bonds of Nicholas Peebles; and Stevenson having died during the pendency of the action his executor, W. H. Hughes, was made a party plaintiff.

The plaintiffs insist that as they paid the two-thirds of the amount of the judgment and Boone only one-third, that he is justly and equitably indebted to them for contribution in the difference between the one-third paid by him and the one-half of said amount, which they allege is the true proportion of his liability, considering the insolvency of the sureties on the third and last bond. The court below taking this view of the question, gave judgment for the amount of three hundred and seventy dollars and fifty cents, with interest on three hundred and five dollars and thirty-six cents from September 30th, 1878, which was the difference between the one-third and the one-half of the amount of the judgment. From this judgment the defendant appealed, assigning for error:

1. "That Boone's liability ceased when he paid one-third of the judgment of the supreme court."

2. "That if he is liable for more than one-third, the plaintiffs have not a joint but a separate cause of action against him, for an amount below the jurisdiction of the superior court."

There is nothing in the first exception; as all the obligors on the last bond are insolvent, we may leave it entirely out of our consideration; and the question then is, what are the respective liabilities of the sureties on the first two? Boone is co-surety with Capehart on the first bond and with Stevenson on the other.

It is well settled that all the bonds given by a guardian for the faithful performance of his duties as such, are cumu-

lative; and the sureties on each stand in the relation of co-sureties to the sureties on every other bond, and the only qualification to the rule being that the sureties are bound to contribution only according to the amount of the penalties of the bond in which each class is bound. *Jones* v. *Hays*, 3 Ire. Eq., 502; *Jones* v. *Blanton*, 6 Ire. Eq., 115.

The liability of one co-surety to another for contribution is not founded in contract, " but is bottomed on fixed and general principles of equity and justice," and whenever they are bound as sureties in the same transaction, though by different instruments, they have a " common interest and a common burthen." Pitman on Principal and Surety, 148, 149.

Before the new system, the sureties who paid the money on account of the joint liability had two remedies against their co-sureties for contribution, the one by bill in equity, and the other by an action at law. The action at law was the more modern remedy, and was found to be inadequate where some of the co-sureties were insolvent, for in that case each surety who paid more than his proportion of the joint liability had to institute a separate action against each of the others who was solvent and had not paid his proportion, and could only recover the aliquot part of the whole, regard being had to the number of the sureties. But in equity all the persons interested in the matter as co-sureties had to be made parties; a multiplicity of suits was avoided, the insolvency of any one or more of the co-sureties was taken into consideration, and their several liabilities adjusted upon equitable principles, and the surety who paid the debt could recover contribution against the solvent co-sureties without regard to the shares of those who were insolvent or out of the state.

We think the second exception is as untenable as the first. It seems to have been the design of the Code of Civil Procedure to adopt the practice in equity in regard to the

joinder of parties, and to apply this doctrine to legal as well as equitable actions. " Persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs in all actions whatever their nature, although their rights are legally several, and although at common law they would be required to institute separate actions." Pomeroy on Remedies and Remedial Rights, § 200. The practice of the courts of equity in regard to the joinder of parties, seems to be especially appropriate in actions for contribution between co-sureties, when the rights and liabilities of all concerned may be considered, adjusted and determined in one action, and is in perfect accord with section 248 of the Code of Civil Procedure, which provides that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may determine the ultimate rights of the parties on each side as between themselves. There is no error. The judgment below is affirmed, with the modification that it be entered here for the one-half of said judgment in favor of each of the plaintiffs.

No error.                                              Affirmed.