ALVIN HULBERT v. R. M. DOUGLAS and T. B. KEOGH.

*Liability of Endorser—Controversy Between Co-defendants.*

1. Where the payee of a note, on which there have been partial payments made, which are not entered on the note, endorses it to a third party for its full value, he is liable as endorser for the full face value of the note.

2. Under the Code practice, co-defendants cannot set up demands and ask relief against each other, unless their disputes arise out of the subject of the action as set out in the complaint, and have such relation to the plaintiff's claim that their adjustment is necessary to a final determination of the cause.

(*Hughes* v. *Boone*, 81 N. C., 204, cited and approved).

This was the defendant Keogh's appeal in the foregoing case. The facts are the same as in the foregoing case.

*Mr. John Devereux, Jr.,* for the plaintiff.
*Mr. W. W. Fuller,* for the defendant.

SMITH, C. J.   It is conceded that the appellant, when owner of the note and its coupons, subject to the lien for the money advanced and for which it was held as collateral security, received from the maker $4,000 as a part payment, under an agreement that it should be entered as a credit, and that, without a disclosure of the fact, the note was endorsed for its full value, before any one of the four attached coupons remaining had matured.   The first coupon had been cut off and was retained by the appellant. The endorsement clearly rendered him liable as such, for all appearing to be due upon the face of the assigned papers, as if no payment had been made by the principal debtor, and he has no ground of complaint for the judgment rendered against him.

The controversies between the defendants, growing out of their mutual dealings, outside of those connected with the note, are not before us in the present appeal, and whatever they may be, the plaintiff is entitled to recover his money without awaiting their adjustment.   Nor, in our opinion, can they be rightly introduced in the present action, as they are wholly foreign to its purpose, and must be settled in another suit between the defendants themselves.   The practice, sanctioned by the Code, does not go so far as to permit the introduction of questions in dispute among the defendants, unless they arise out of the subject of the action as set out in the complaint, and have such relation to the plaintiff's claim, as that their adjustment is necessary to a full and final determination of the cause.   *Hughes* v. *Boone,* 81 N. C., 204.

The rule in Chancery, to which the Code practice is intended to be assimilated in this feature, is thus clearly stated by Chan-

cellor Walworth, in his opinion in *Elliott* v. *Pell*, 1 Paige, (N. Y.) 253: "It is the settled law of this Court, that a decree between co-defendants, *grounded upon the pleadings and proofs between the complainant and the defendants*, may be made, and it is the constant practice of the Court to do so, to prevent multiplicity of suits," citing cases; "but such decree between co-defendants, to be binding upon them, *must be founded upon, and connected with the subject matter in litigation between the complainant, and one or more of the defendants.*"

Nor do we understand the ruling of the Court in refusing the appellant's motion to strike from the answer of his co-defendant, so much as demands judgment for the $4,000 against appellant, if his defence proves unavailing and the plaintiff shall recover of him without deduction of that sum.

I. The facts set out in the answer of Douglas are all referable and pertinent to the plaintiff's demand, and the objectionable clause is found only in the demand, upon such contingency, for judgment against the appellant. It is, therefore, wholly harmless, if untenable.

II. The matter is directly connected with the plaintiff's cause of action, and the demand, whether admissible or not, is for an adjustment of the contingent responsibility of both to the plaintiff.

III. It is rendered entirely immaterial and removed from contention, by the result of the action in the exoneration of the defendant Douglas.

The appellant's interest in this respect is that of the plaintiff, and is settled by the adverse verdict and judgment considered in the other appeal.

The claims asserted in the appellant's last amended answer, for services rendered and dealings between himself and co-defendant to the amount of many thousand dollars, and reaching back over several years, which he proposes to settle in this suit, is a striking illustration of the wisdom of the rule that confines matters of defence to such only as relate to the plaintiff

and his cause of action, and of the confusion and mischief that might ensue from relaxing it.

This action terminates with the decision of the double appeal, and what is left undetermined is extraneous and superfluous. Let this be certified, that judgment be so entered in the Court below.

No error.                                             Affirmed.