W. A. GIBSON v. H. A. BARBOUR and wife.

*Trustee and cestui que trust—Purchase by Trustee at his own Sale—Acting as Attorney for both Buyer and Seller—Counter-claim.*

1. A purchase by a trustee or mortgagee at his own sale is void, if the *cestui que trust* or mortgagor elect so to treat it.

2. A conveyance by a trustee or mortgagee to one who purchased the mortgaged property, as the agent of such trustee or mortgagee, although it passes the estate, is voidable at the election of the *cestui que trust* or mortgagor.

3. Where a mortgagee employed an attorney to conduct a sale of the mortgaged property, under a power of sale vested in the mortgagee by the terms of the mortgage, and a third person employed the same attorney to buy the property for him at such sale, and at the sale, which was public, the attorney bid off the property for such third person, who paid the price and took a deed from the mortgagee; *Held*, that such sale was voidable at the election of the mortgagor, and that the legal estate, which passed to the purchaser by the deed from the mortgagor, remained charged with the trusts of the mortgage.

4. A mortgagee, of both land and personalty, sold all the property covered by the mortgage under powers therein contained. Plaintiff purchased the land at such sale and took a conveyance therefor from the mortgagee. But the sale was made under such circumstances as rendered it voidable, in equity, at the election of the mortgagor. Plaintiff brought an action of ejectment against the mortgagor. The mortgagor pleaded, as a counter-claim, the matter which rendered plaintiff's purchase voidable, and also, that the mortgagee had sold and purchased at his own sale the personalty covered by the mortgage, had taken possession and rendered no account thereof. The mortgagor also demanded that the mortgagee be made party to the action and that he account for the personalty in question; *Held*, (1.) that there was no case for marshaling, and a sale of the land should have been ordered by the Court; (2.) that the plaintiff occupied the place of a trustee so far as the mortgagor was concerned, and his money, expended in purchasing the land, having gone in diminution of the mortgage debt, he was entitled to the restoration thereof; (3.) that the mortgagor

was only necessary as a party, in order that he might be compelled to repay the money received by him from the plaintiff, in the event of the purchase of the land by some one else at the sale to be ordered by the Court; (4.) that it was error to order an account of the personal property to be taken in this action, as the plaintiff was not interested therein.

5. A counter-claim must be one arising out of the subject of the action as set out in the complaint, and must have such relation to plaintiff's claim as that its adjustment is necessary to a full determination of the cause between the plaintiff and defendant. Matter in which only the defendant and his co-defendant, or a third person, not a party to the action, are interested, and the settlement of which is not necessary to a final determination of the controversy between the plaintiff and the defendant, cannot be pleaded as a counter-claim.

CIVIL ACTION, for the recovery of land, heard before *Connor, J.,* at September Term, 1887, of RICHMOND Superior Court.

Jury waived. Trial by the Judge. The plaintiff appealed.

The defendant, Hugh A. Barbour, becoming indebted to the firm of W. F. Kornegay & Co. in the sum of $2,000 due by notes, to secure the same, conveyed to the said creditors, by deed of mortgage, with a power of sale in case of default in making payment, as each became payable, a steam engine and certain other machinery, as also the tract of land described in the complaint, and sought to be recovered in the present action.

The indebtedness not having been provided for at maturity, according to the stipulations in the mortgage, the personal property conveyed therein was put up and sold by an agent and attorney of the mortgagees, employed for that purpose, and being bid off by the agent conducting the sale, was put down by them to him, as purchaser, at the price of one thousand five hundred dollars. In like manner, on the day following, and after due advertisement, the land was also sold at the court-house, by the agent, who, on behalf and by

100—13

authority of the plaintiff, Gibson, bid off the same for him, at the price of five hundred dollars, and accordingly, on his making payment of the price, the said W. F. Kornegay & Co. executed a deed of conveyance therefor to him.  The present action was then commenced to recover the possession withheld by defendant, damages for the detention, and to establish title to the premises

The defence arises out of the foregoing statement of facts, and the defendant resists the claim, insisting upon the absolute nullity of the attempted sale of the personal property, and demanding that the deed, purporting to pass the estate in the land, be declared null and inoperative to divest the. defendant of his equity of redemption therein, and that the plaintiff holds the legal estate, clothed with the same attaching trusts as when held by the mortgagees.  He also asks for a reference of the account between the parties to the mortgage, claiming that there will be found nothing due from him.

A jury was dispensed with, and the Court, by consent, finds upon the testimony of plaintiff's witnesses, the above facts.  At defendants' instance, W. F. Kornegay & Co. are made parties defendant by summons, but have failed to make answer or defence.   The Court, in entering judgment, recites the facts in substance as stated, and proceeds to declare the deed made to the plaintiff by the mortgagees ineffectual to divest or defeat the defendants' equitable right to redeem, and that the trusts of the mortgage follow and adhere to the transferred legal estate in the land, and directs a general account to be taken of the mortgage liabilities between the original parties thereto by the Clerk, with the value of the engine and machinery, to the end that it be applied to the secured indebtedness, with leave to said W. F. Kornegay & Co., consisting of W. F. Kornegay and C. Dewey, partners, to file their answer within thirty days

thereafter, if so advised, and that the cause be retained for further proceedings.

The plaintiff excepted to the said judgment, and assigned, as grounds of exception:

1. That his Honor has found as a fact that James T. LeGrand, at the sale of the land, acted as agent of the plaintiff, W. A. Gibson, whereas, upon the evidence, his Honor ought to have found, either as a conclusion of fact or law, that LeGrand was not the agent of the plaintiff at said sale, and did not buy as his agent, there being no evidence of said alleged agency.

2. That his Honor has found that the defendant Barbour was at the sale, but did not have notice or knowledge that LeGrand was bidding for the plaintiff, there being no evidence upon which to base said finding.

3. That his Honor has failed to find that the defendant Hugh A. Barbour made no objection to the sale, though he was present at the sale, and had the opportunity—all of the evidence being that he made no objection.

4 That his Honor has failed to find the rental value of the land—all of the evidence showing that it was between $40 and $50 per year.

5. That he has not found that the plaintiff was the owner, and entitled to the immediate possession of the land.

6. That his Honor, in the said judgment, has not stated, separately, his conclusions of fact and law.

From the judgment rendered by the Court, the plaintiff appealed.

*Messrs. C. W. Tillett* and *P. D. Walker*, for the plaintiff.
*Messrs. John Devereux, Jr.*, and *J. D. Shaw*, for the defendants.

SMITH, C. J., (after stating the facts). We proceed to ex-

amine the series of exceptions taken to the rulings of the Judge, and brought up on the appeal.

1st Excep.—So far as the finding of the agency of the attorney rests upon the sufficiency and credibility of the testimony in establishing the fact, the finding of the Judge is conclusive.

If the objection be predicated upon the *absence of any evidence*, it cannot be sustained, for the attorney expressly states, that he acted as such in the matter of selling the property.

2d Ex.—The same witness states: " I made the sale for W. F. Kornegay & Co., the mortgagees, and bid off the land as agent for Gibson. Mr. Barbour was here, and made no objection to the sale."

There was no evidence that the defendant was aware of the fact, that the agent, a witness for the plaintiff, knew for whom the land was bid off. This supports the finding.

3d Ex.—As every fact must be found upon evidence, and there was none that the defendant had the suppposed knowledge, it could not be so found.

4th Ex.—The Court does not find the rental value of the land, for in the judgment following the general statement of facts, it is declared that " the rental value of said land was $40 or $50."

The exception is founded in error.

5th Ex.—The main, and really only point, embodied in the 5th exception, is as to the effect of the proceedings in conducting the sale upon the title acquired by the plaintiff, in divesting it of the trusts of the mortgage, upon which the ruling is against the plaintiff; and, in our opinion, it rests upon well established, and universally recognized principles of equity. At law, a sale by a vendor directly to a vendee, when one person, is a nullity, since all contracts must be between two or more persons with antagonistic relations as to the subject-matter of the contract; but a deed executed by the owner of land or other property to another person, though

the latter accepts the title under an agreement to reconvey, at law, passes the estate, when the parties are competent to contract; but it may be avoided by persons in interest, because, though pursuing the forms of law, such a transaction tends to fraud, under the veil which covers it, and, in equity, will be avoided, if demanded by those who may be prejudiced. The principle is elucidated by READE, J., in *Froneberger* v. *Lewis*, 79 N. C., 426, and reiterated in the more recent case of *Sumner* v. *Sessoms*, 94 N. C., 371.

So far has been carried the doctrine, of the right to have set aside a sale made by a trustee to one who was buying for him, under a promise to reconvey, that creditors, not secured in a deed of trust, may demand an annulling of the transaction and an execution of the trust, though all others interested in the disposition of the property were content with what was done, and this even after a long interval of delay. *Elliott* v. *Pool*, 3 Jones Eq., 17.

Even when the trustee has an interest in the property thus transferred, it may be avoided. *Hunt* v. *Bass*, 2 Dev. Eq., 292; *Boyd* v. *Hawkins*, 2 Ired. Eq., 304.

The principle underlying the equitable rule is in the language of Lord ELDON, in *ex parte James*, 8 Ves., 345: "The purchase is not permitted in any case, however honest the circumstances; the general interests of justice requiring it to be destroyed in every instance;" and he uses substantially the same language in reference to a commissioner in bankruptcy, purchasing through a solicitor, in *ex parte Bennett*, 10 Ves., 385.

"It is an inflexible rule," are the words of the late Chief Justice, an Associate Justice when they were uttered, "that when a trustee buys at his own sale, even if he gives a fair price, the *cestui que trust* has his election to treat that sale as a nullity, not because *there is*, but because there *may be*, fraud. *Brothers* v. *Brothers*, 7 Ired. Eq., 150.

In *Joyner* v. *Farmer*, 78 N. C., 196, after land had been bid off by an agent of the mortgagee, the mortgagor being *present and not objecting*, and as tenant of the latter remaining in possession for a year, nevertheless, as no intervening rights had been acquired by others, and no misconduct in the selling was alleged, the mortgagor was held to be entitled to have a resale, because, as was said by RODMAN, J., in the opinion, "the interest of a vendor and a purchaser are so antagonistic that the same man cannot be allowed to fill both characters."

"In all cases where a purchase has been made by a trustee," we quote from section 322 of the 1st volume of Mr. Justice STORY's excellent treatise on Equity Jurisprudence, "on his own account, of the estate of his *cestui que trust*, although sold at public auction, it is in the option of the *cestui que trust* to set aside the sale, whether *bona fide* made or not."

It can make no difference in the result, that the same agent employed to make the sale is employed to make the bid for an independent purchaser. There is a legal incompatibility in one man's occupying such adverse relations, and representing antagonistic interests in the transaction, and a Court of Equity will not tolerate the attempt and give efficacy to what is done, when opposed by competent parties in interest. The cases, to which the brief of appellants' counsel calls our attention, are in no degree hostile to this universally accepted rule. That of *Dexter* v. *Shepard*, reported in 117 Mass., 480, simply decides that a trustee, expressly authorized under the deed to purchase at his own sale, may exercise the right by employing some one to bid for him at the sale, and so might the Court, directing a commissioner, interested in the trusts, to make a sale, give him authority to bid, as a means of securing himself against loss, as was done in *McKay* v. *Gilliam*, 65 N. C., 130, although the fact does not appear in the report, and so, we think, may

this be allowable with the general consent of all who could otherwise make objection to the sale.

The judgment of the Court must therefore be upheld, so far as it charges the legal estate vested in the plaintiff with the trusts of the mortgage.

But, inasmuch as it is apparent that a sale of the property—some of it, at least, is necessary to discharge the secured indebtedness—the attempted sales being out of the way, and there being no rule which requires the personal to be put in front of the real estate in disposing of the property, the judgment, giving a day for redemption, should have directed a sale of the land, unless the debt was before paid as " the *only property in controversy in this action.*"

The case has this aspect: The mortgagee holds, as such, the personal property under the trusts, and has parted with the legal estate in the land, by his deed to the plaintiff, with its adhering trusts, and has received $500 in payment therefor. There is no marshaling of the funds required. The land has been sold and the title conveyed. The plaintiff occupies the place of the trustee, so far as the mortgagor is concerned, and he has paid money into the trust fund in the hands of the mortgagees, which, if the purchase were upheld, would go in diminution of the indebtedness, and if not, must be restored to the plaintiff, and this would be a self adjustment, *pro tanto*, should the plaintiff again become purchaser.

The presence of the members of W. F. Kornegay & Co. in the cause, is only necessary to compel the restoration of the purchase money in the event of the land being bought by some one else, at a sum less than that already paid, or to return to the plaintiff, should he buy, the excess coming to him.

This is the whole extent of the controversy in the action, and it is limited to the land and the disposition to be made of it. It would be unjust to the plaintiff to allow his action

to lose its identity by merging into one of wider dimensions, involving the administration by the mortgagees of the whole trust estate, with which, outside of the land, he has no interest whatever; and this seems to have been comprehended in the action of the Court in the form of the judgment. Nor does this practice find any countenance in the provisions of the Code of Civil Procedure, in respect to a defence or counter-claim. § 244 only authorizes a counter-claim when, as "a cause of action," it is one "arising out of the contract or transaction *set forth in the complaint,* as the foundation of the plaintiff's claim, or connected with the subject of the action;" or when the action is on a contract a counter-claim on another and independent contract is allowed. The present counter-claim or defence is not such as the statute authorizes, inasmuch as it goes wholly outside the limits of the complaint, and is foreign to the controversy, which springs out of the plaintiff's action, and introduces a new controversy among the defendants, to which he is indifferent. In the case of *Hulbert* v. *Douglas,* 94 N. C., 128, this practice was declared inadmissible, and supported by no known precedent. In this case the Court declared that such controversies cannot be "rightfully introduced in the present action, as they are wholly foreign to its purpose, and must be settled in another suit between the defendants themselves. The practice, sanctioned by *The Code,* does not go so far as to permit the introduction of questions in dispute among the defendants, *unless they arise* out of the subject of the action, *as set out in the complaint,* and have such relation to the plaintiff's claim as that their adjustment is necessary to a full and final determination of the cause," citing *Hughes* v. *Boone,* 81 N. C., 204.

So much of the proceeding as looks to an adjustment of controversies arising out of the administration of the whole trust estate, by the mortgagees and beyond that which belongs to the land, must be declared to be erroneous, and is

reversed. The cause will proceed in the Court below in accordance with the law as declared in this opinion.

Modified and affirmed.