TRADERS' NATIONAL BANK v. MANUFACTURING CO.

*Corporation; Mortgage Executed by,—Estoppel.*

1. *Vide Bank* v. *Manufacturing Co.*, 96 N. C., 298.

2. A mortgage deed executed according to the provision of the Revised Code, Ch. 26, § 22, (*The Code*, § 685,) is the act of the corporation alone, and not that of the corporation officers, by whose agency the deed is executed ; and it will not operate as an estoppel to prevent them from asserting any claim they may have to a security it provides.

CIVIL ACTION, heard upon exceptions to a referee's report. The case is fully reported in *96 N. C., 298*, in which this Court directed a re-reference of the account, to be stated upon the basis of the opinion then delivered.

*Mr. W. P. Bynum*, for the plaintiff.
*Messrs. P. D. Walker* and *C. B. Watson*, for the defendant.

SMITH, C. J. Upon the coming in of the report made by the referee, in obedience to an order entered on the hearing in this Court, exceptions are taken by the defendant, which have been argued, and will now be considered.

1st Ex.—The said defendant excepts, for that the debt due him for money loaned, is not assigned a place among the old debts, to be paid as such, but has its origin in the new obligation, created by the execution of the last bond, and the mortgage given to secure it on March 30th, 1882. Of this, we have only to say, that this point was fully considered and disposed of upon the former hearing, and from the ruling then made, for the reasons assigned, we are not disposed to depart.

2d Ex.—The exceptions to the allowance of the debts due and enuring to The Traders' National Bank, the National Bank of Chester, A. C. Lineberger, the Bridesburg Manu-

facturing Company, A. B. Titman, D. F. Foley, Bros. & Co., and of Buckingham & Pardson, as constituting liens upon the property of the Woodlawn Company, have also been passed on, and their preferential claim over that of the Fries debt to be satisfied out of the corporate property, under the statute recognized and determined.

3d Ex.—The exception based on the alleged equity of the defendant Fries, to be substituted in place of the officers of the company, A. C. Lineberger, J. M. Lineberger and C. J. Lineberger, and to take their shares of the fund to be distributed, by reason of the execution of the mortgage of the corporation by them, as president, secretary and stockholder, with covenants operating as an estoppel upon them to assert a claim against him and the security it provides.

This exception must be also overruled, as are the others.

The mortgage deed is the act of *the corporation alone*, done in pursuance of the statute, Rev. Code, ch. 26, sec. 22, and in no just legal sense, that of the corporation officers and stockholders, by whose agency the corporation conveys its real estate. The instrument, upon its face, professes to be such, and to be made by virtue of, and in pursuance of, a "resolution of the stockholders of the Woodlawn Manufacturing Company, in Gaston County, North Carolina, in convention assembled, on the 29th day of March, 1882."

Moreover, the only covenant of the bargainor in the deed is, that the premises shall be kept insured to the amount of the bond, and that upon default, the mortgagee may enter and sell.

But if these obstacles to the assertion of the alleged equity were out of the way, the controversy about the disposal of the fund is not germain to the present action, nor is it presented in the appeal.

A somewhat similar effort was made in *Hulbert* v. *Douglas*, 94 N. C., 128, to introduce outside matters of dispute be-

tween the defendants, and it was not allowed, for reasons set out in the opinion of that case.

The case is now before us upon the same record, and for a revision of no errors except such as therein appear, or result from the action of the referee in executing the order of recommittal.

After the argument, which has been able and full for the exceptor, our former convictions remain unchanged, and we must confirm the report, and direct the distribution of the corporate funds of the company accordingly.

Report confirmed.