GEORGE BRANCH v. EDWARD CHAPPELL & SON.

*Action on Contract—Tort as Counter-Claim—Pleading.*

1. Under Section 244 (1) of *The Code* a *tort* can be pleaded as a counter-claim to an action in contract "if connected with the subject of the action."
2. In an action for work and labor done in cutting timber trees, the defendant may plead as a counter-claim damage sustained through the negligence of plaintiff in permitting fire to escape, whereby property was destroyed and expense incurred in preventing greater damage.

(FAIRCLOTH, C. J., and FURCHES, J., dissent.)

This was a CIVIL ACTION, heard before *Graham, J.*, at HALIFAX Superior Court, March, 1896, on appeal from judgment of a Justice of the Peace. A jury trial was waived.

119—6

BRANCH *v.* CHAPPELL.

The plaintiff claimed $13.05 for work and labor done for defendant.

The defendant set up counter-claim for $15.30 for services of themselves and twenty hands in putting out fire which the defendant alleges was ignited by the carelessness of the plaintiff while cutting lumber in woods for defendants.

His Honor being of opinion that a counter-claim sounding in *tort* could not be maintained in this action, gave judgment for plaintiff, and defendant appealed.

*Messrs. MacRae & Day* and *E. T. Clark*, for defendants (appellants).

No counsel *contra.*

CLARK, J.:   The plaintiff sued the defendants for work and labor done in cutting timber trees.   The defendants offered, as a counter-claim, to show that the plaintiff, while so engaged at work for defendants, negligently permitted fire to escape, damaging the defendants, who were put also to much expense to put out the fire to prevent greater damage.   The sole question is whether the damage caused by the negligence of the plaintiff while engaged in work for defendants is a counter-claim in an action for compensation for such work.

The spirit of *The Code* is to prevent multiplicity of actions, and by Section 244, Sub-section (1), a *tort* can be pleaded as a counter-claim to an action either in contract or *tort*, if " connected with the subject of the action." The subject of the action here is cutting timber for the defendants.   Injury sustained from carelessness of the plaintiff while doing work for defendants is held to be " connected with the subject of the action," in an action by the workman for his wages. *Eaton* v. *Woolly*, 28 Wis.,

628; *De Witt* v. *Cullings*, 32 Wis., 298; 1 Boone Code Pl., Sec. 90, n. 1.   Among instances somewhat similar to an action by mortgagee after foreclosure sale for deficiency, the mortgagor was allowed to plead a counter-claim for waste committed by mortgagee while in possession. *Smith* v. *Fife*, 2 Neb., 10; *Allen* v. *Shackleton*, 15 Ohio St., 145. To an action on rent, note tenant may set up counter-claim for injury sustained by landlord's interference with leased property.   *Goobel* v. *Hough*, 26 Minn., 252; or damages for false representations by landlord that the farm was underdrained.   *Norris* v. *Thorp*, 65 Ind., 47. Many similar cases are collected.   Maxwell Code Pleading, 544, and Bliss Code Pl., (3d Ed.,) Sec. 374.   In an action by a mechanic for wages a counter-claim was allowed for material converted by him.   (*Wadley* v. *Davis*, 63 Barb., 500,) and in *Bitting* v. *Thaxton*, 72 N. C., 541, in an action against employee for converting the employer's property, a counter claim was allowed the mechanic for his unpaid wages.   In *McKinnon* v. *Morrison*, 104 N. C., 354, to an action to enforce a lien on a horse for the purchase money, a counter-claim for breach of warranty was held good.

It is not necessary to consider here whether the measure of damages is the cost of putting out the escaped fire, as the defendants seem to have intended to claim, for the judge rejected entirely as not allowable the defendants' offer to set up as a counter-claim that they had been damaged by the negligence of plaintiff while prosecuting the work for which he seeks to recover pay.   It would seem that this was "connected with the subject-matter of the action," and that justice, and the terms of *The Code*, would permit the whole matter to be settled in one action.   In rejecting evidence to sustain such counter-claim there was error.

Error.

FAIRCLOTH, C. J., and FURCHES, J., dissent.