STANDARD AMUSEMENT COMPANY, INC. v. R. O. TARKINGTON AND WIFE, MARY MARSH TARKINGTON (ORIGINAL DEFENDANTS); AND WAYNE THEATRES, INC.; MAX ZAGER AND MAX ZAGER ENTERPRISES (ADDITIONAL DEFENDANTS).

(Filed 10 January, 1958)

1. Courts § 7—

   Where a defendant in a civil action in a municipal-county court files a cross-action in which a sum in excess of the jurisdiction of that court is demanded, which, under the applicable statute entitles defendant to

have the cause transferred to the Superior Court, Ch. 971, Session Laws of 1955, Sec. 4, Rule 25, (c), (4), the cause is properly transferred upon motion, and what is a proper counterclaim under this section is to be determined by the provisions of G.S. 1-137.

2. **Same—**

Upon proper transfer of a cause from a municipal-county court, the municipal-county court is divested of jurisdiction and the Superior Court acquires jurisdiction to hear and determine motions in the case originally made in the municipal-county court.

3. **Same—**

The General Assembly has the power to prescribe by statute the procedure and grounds for the removal of causes to the Superior Court from courts inferior to the Superior Court. Constitution of North Carolina, Art. IV, Sec. 12.

4. **Assignment § 4—**

The assignee of non-negotiable chose in action takes same subject to any set-off or counterclaim existing at the time of, or before notice of, the assignment, though such counterclaim may be used only to the extent of defeating the assignee's claim and not for affirmative relief.

5. **Pleadings § 10—Original defendant may set up cross-action against additional defendants when it arises out of plaintiff's claim and is necessary to a final determination of the controversy.**

The assignee of a lease sued lessees for rent due thereunder. Lessees had the original lessor and intervening assignees joined as additional parties defendant and filed a counterclaim alleging that lessees were induced to enter into the lease agreement by misrepresentation and fraud, resulting in damage to lessees in a large amount, which lessees pleaded against plaintiff in bar of recovery and against additional defendants for the recovery of the damage alleged, reduced by an amount to be applied to their unpaid rent. *Held:* While wholly irrelevant and independent causes of action between defendants may not be engrafted on plaintiff's cause, in the instant case lessees' cross-action arises out of the lease contract sued on by plaintiffs and is so interwoven therewith that a complete story as to one cannot be told without telling the essential facts of the other, and therefore the cross-action is authorized by G.S. 1-137(1).

6. **Same—**

G.S. 1-137(1) is broad in its scope and should be liberally construed in furtherance of its purpose to permit the trial in one action of all causes of action arising out of any one contract or transaction.

7. **Election of Remedies § 2—**

A party must either rescind what has been done as a result of fraud, or affirm what has been done and sue for damages caused by the fraud.

8. **Appeal and Error § 21—**

An exception to the signing and entry of judgment presents for review whether the pleadings and admitted facts on which the court ruled support the judgment.

APPEAL by R. O. Tarkington and wife, Mary Marsh Tarkington, original defendants, from *Rousseau, J.,* 18 February 1957 Term of GUILFORD, Greensboro Division.

Civil action instituted by Standard Amusement Company, Inc., plaintiff, in the Greensboro, Guilford County, Municipal-County Court, against R. O. Tarkington and wife, Mary Marsh Tarkington, to recover unpaid rents due under a lease agreement.

Plaintiff, in its complaint, alleges in substance: Plaintiff is a North Carolina corporation with its principal place of business in Greensboro, Guilford County, North Carolina. The defendants are residents of Edgecombe County, North Carolina. On or about 22 October 1953 Wayne Theatres, Inc., a North Carolina corporation, as lessor, and R. O. Tarkington and wife, Mary Marsh Tarkington, as lessees, entered into a written lease agreement by which the lessor demised to the lessees premises known as Gay Theatre, with certain personal property therein described in the lease, situated in the Town of Gibsonville, Guilford County, for a term from 1 November 1953 until 31 October 1957 at a rental of $150.00 per week payable weekly. The lessees immediately entered into possession of the demised premises under their lease, and since then until now have been in continuous possession by virtue of their lease. On or about 1 December 1954 Wayne Theatres, Inc., assigned the lease to Max Zager, and on or about 1 March 1956 Max Zager assigned the lease to plaintiff, which is now the owner of the lease, and all rights therein. From time to time defendants paid rent to plaintiff's predecessors in interest, and on 6 March 1956, and from time to time thereafter, defendants have made payments of rent under the lease to plaintiff, the assignee of the lease. The defendants have failed to pay any rent due to plaintiff under the lease since the week of 2 July 1956, up to and including the week of 19 November 1956 (this action was instituted 7 December 1956), and they are now in arrears in the payment of rent to plaintiff in the sum of $3,000.00. Wherefore, plaintiff prays that it recover from them, jointly and severally the sum of $3,000.00.

R. O. Tarkington and wife, Mary Marsh Tarkington, filed a joint answer in which they admitted their execution of the lease agreement, and its terms, as alleged in plaintiff's complaint, their entry into possession of the demised premises under the lease, and their continuous possession since, and that there is now due and owing by them under the lease to plaintiff the sum of $3,000.00. In their answer they allege they have no knowledge of any assignment of the lease by Wayne Theatres, Inc., to Max Zager, and of any assignment of the lease by Max Zager to plaintiff, and therefore deny the complaint's allegations as to such assignments. Defendants further allege in their answer they have paid rent from time to time to Wayne Theatres, Inc., to Max Zager Enterprises, and to plaintiff, but assert they have

no knowledge of plaintiff's predecessors in interest, except as above stated, and therefore deny payment of rent by them to plaintiff's predecessors in interest.

The defendants in their answer then alleged a cross-action against Wayne Theatres, Inc., Max Zager and Max Zager Enterprises, in which in substance they alleged: On or about 1 October 1953 the defendants, and their son, Erwin O. Tarkington, met Max Zager in the Town of Burlington for the purpose of discussing a lease of Gay Theatre in the Town of Gibsonville. At that time Gay Theatre was owned by the Gibsonville Development Company, Inc., which had leased it to Wayne Theatres, Inc. The defendants, their son, and Max Zager drove to the office of a Mr. Owen of the Gibsonville Development Company, Inc., where a conference was held with Mr. Owen on the subject of reducing the monthly rent of Wayne Theatres, Inc. After a brief discussion of the rent Mr. Owen and Max Zager left the office. They returned in 10 or 15 minutes, and told the Tarkingtons an agreement had been reached in respect to the rent payable by Wayne Theatres, Inc. Thereafter the Tarkingtons and Max Zager left Mr. Owen's office, and drove to a parking space, and parked, to continue discussions of the lease of Gay Theatre. Mary Marsh Tarkington asked Max Zager if their property would be subject to liability for rent in the event the proposed operation of Gay Theatre by them should not be profitable. Max Zager assured them that he would reduce the rental payments to an amount that the operation could afford to pay, and that their other property would not be subject to liability for payment of rent. While discussing the proposed lease R. O. Tarkington asked Max Zager if there was a drive-in theatre nearby, or words to that effect, and he replied No, and that was to their advantage, or words to that effect, though he well knew a drive-in theatre, known as Bon Air Theatre, was in operation 2½ to 3 miles from Gay Theatre, that such representation was false, and was made for the purpose of inducing defendants to enter into a lease agreement of Gay Theatre. During the discussions as to the lease Max Zager told the defendants Gay Theatre was doing twice the business they were doing in the Town of Aulander, and presented for their inspection certain figures purporting to show operating receipts by Gay Theatre of $500.00 to $600.00 a week, or more, though he knew such representations were false, and he made them for the purpose of inducing defendants to enter into a lease agreement of Gay Theatre. Acting in reliance on such false representations the defendants entered into the lease agreement of Gay Theatre, and in its operation have incurred heavy losses. Max Zager was acting as the duly authorized agent, or principal, for Wayne Theatres, Inc., in respect to the lease

AMUSEMENT CO. *v.* TARKINGTON.

negotiations, and it is believed he is the principal stockholder and real party in interest in Wayne Theatres, Inc., and in Standard Amusement Company, Inc., the plaintiff, and owns a controlling interest in Max Zager Enterprises. That defendants by such false representations have been damaged in the sum of $25,000.00. Wherefore, the defendants pray that the plaintiff recover nothing from them, and that they recover $25,000.00 from Wayne Theatres, Inc., and Max Zager reduced by an amount to be applied to their unpaid rent.

Upon motion of the defendants, Wayne Theatres, Inc., Max Zager and Max Zager Enterprises were made parties defendant by the judge of the Greensboro, Guilford County, Municipal-County Court, who ordered copies of the summons, defendants' cross-action, and his order to be served upon them.

Standard Amusement Company, Inc., the plaintiff, filed a motion to strike the entire cross-action of the defendants Tarkington, on the grounds that the cross-action is irrelevant, immaterial and will prejudice the interest of the plaintiff in the trial. that it is sham and frivolous, and is not pleaded in good faith, and that it fails to allege facts sufficient to constitute a defense to plaintiff's cause of action.

Max Zager, individually, and trading as Max Zager Enterprises, made a special appearance and moved the court to dismiss the cross-action of the defendants Tarkington against him and to quash the service of summons upon him, on two grounds: One, the court has no jurisdiction over him, or the alleged cause of action against him in the cross-action; two, the cross-action exceeds the jurisdiction of the Greensboro, Guilford County, Municipal-County Court, and is not pleaded in good faith.

Wayne Theatres, Inc., made a special appearance, and filed a motion identical with that of Max Zager.

Whereupon, the Tarkington defendants made a motion to remove the case to the Superior Court of Guilford County, Greensboro Division, for the reason that the damages they are seeking in their cross-action exceed the jurisdiction of the Greensboro, Guilford County, Municipal-County Court. This motion coming on to be heard in that court, the judge thereof entered an order removing the case to the Superior Court of Guilford County, Greensboro Division, for the reason that it appeared from an examination of the answer and cross-action filed by the defendants Tarkington that the amount in controversy exceeded the jurisdiction of the Greensboro, Guilford County, Municipal-County Court. To the order of removal plaintiff, Wayne Theatres, Inc., and Max Zager objected and excepted.

The Greensboro, Guilford County, Municipal-County Court declined to rule upon the motion of plaintiff to strike the entire cross-action in the answer of the defendants Tarkington, and plaintiff objected and excepted.

The Greensboro, Guilford County, Municipal-County Court declined to rule upon the motion of Wayne Theatres, Inc., and Max Zager to dismiss the cross-action against them and to quash the service of summons upon them, and Wayne Theatres, Inc., and Max Zager objected and excepted.

The motion of plaintiff to strike from the answer of the defendants Tarkington the entire cross-action, the separate motions of Wayne Theatres, Inc., and of Max Zager, to dismiss the cross-action of the defendants Tarkington against them, and to quash the service of summons upon them, and the objection and exception of the plaintiff and the additional defendants to the order removing the case to the Superior Court of Guilford County, Greensboro Division, was heard by Rousseau, J., who entered an order as follows: One, the cross-action of the defendants Tarkington is not a proper counterclaim, and is not pleadable in this action. Two, the cross-action is not a proper counterclaim within the requirements and meaning of Section 4, Rule 25 (c), (4), of the Municipal-County Court Act of 13 May 1955, so as to come within the terms and scope of Rule 25, (c), (4). Three, the cross-action seeks recovery from the additional defendants of a sum in excess of the jurisdiction of the Greensboro, Guilford County, Municipal-County Court. Four, the cross-action constitutes a misjoinder of parties and causes of action, and fails to allege a defense to plaintiff's claim. Five, plaintiff's motion to strike, and the motions of the additional defendants to dismiss should have been granted. Whereupon, Judge Rousseau ordered and adjudged that the cross-action in the answer of the defendants Tarkington be stricken, that the cross-action of the defendants Tarkington against Wayne Theatres, Inc., Max Zager and Max Zager Enterprises be dismissed, and the service of summons upon them be quashed, and that the case be remanded to the Greensboro, Guilford County, Municipal-County Court for trial. To the signing and entry of this order the defendants Tarkington excepted and appealed to the Supreme Court.

Within thirty days from the date of the entry of this order, the defendants Tarkington petitioned this Court for a writ of *certiorari* under Rule 4(a), (2), Amendments to Rules of Practice in the Supreme Court, 242 N.C. 766, to review the ruling of Judge Rousseau striking the entire cross-action in their answer. This Court in conference on 28 August 1957 entered the

following order: "Petition allowed to extent necessary to permit appellants to perfect their appeal at this term."

*Block, Meyland & Lloyd for Plaintiff, Appellee, and for Additional Defendant Max Zager, Appellee.*

*McDougle, Erwin, Horack & Snepp for Additional Defendant Wayne Theatres, Inc., Appellee.*

*Daniel R. Dixon for Original Defendants R. O. Tarkington and wife Mary Marsh Tarkington, Appellants.*

PARKER, J. Ch. 971 of the 1955 Session Laws of North Carolina, which is an act amending Ch. 651 of the Public Laws of 1909, as amended, relating to the establishing of a municipal-county court in Guilford County, provides in Sec. 3, (c), (2), that the municipal-county court shall have concurrent jurisdiction with the superior court of civil actions, excepting equity, divorce and those wherein title to real property is in controversy, wherein the sum demanded, exclusive of interest, does not exceed $3,000.00. Sec. 4, Rule 25, (c), (4), of this act provides that if the defendant files in any suit a counterclaim in which a money judgment is in good faith sought to be recovered, or in which the stated value of property sought to be recovered is beyond the jurisdiction of this court, such counterclaim shall, nevertheless, be a valid and subsisting counterclaim for the amount or property alleged, but the action shall be at once transferred by order of either judge to the regular civil issue docket of the Superior Court of Guilford County, Greensboro Division, and stand for trial by jury in the usual course, unless the parties file a stipulation that the case shall be placed upon the non-jury docket. Sec. 4, Rule 25, (c), (3), of this act provides that upon the entry of an order of transfer, the clerk shall deliver all process, pleadings, orders, or other instruments and matters constituting the case papers to the Clerk of the Superior Court of Guilford County.

Upon motion of the Tarkington defendants, the Greensboro, Guilford County, Municipal-County Court, acting under Sec. 4, Rule 25, (c), (4), Ch. 971, of the 1955 Session Laws of North Carolina, transferred the case to the regular civil issue docket of Guilford County Superior Court, Greensboro Division, on the ground that the defendants Tarkington had filed a cross-action in which a money judgment is sought to be recovered which is beyond the jurisdiction of that court.

"As a general rule, it is within the constitutional powers conferred upon the legislature of a state to provide by statute for the removal of causes from one court to another. . . ." 21 C.J.S., Courts, p. 769.

Art. IV, Sec. 12, of the Constitution of North Carolina, vests the General Assembly of the State with the power to allot and distribute that portion of the power and jurisdiction of the Judicial Department, "which does not pertain to the Supreme Court among the other courts prescribed in this Constitution or which may be established by law, in such manner as it may deem best. . . ." See *Edmundson v. Edmundson*, 222 N.C. 181, 22 S.E. 2d 576.

In 21 C.J.S., p. 783, it is said: "Where an order of removal of a cause from one court to another is properly made, the former court is thereby divested of jurisdiction and the jurisdiction of the latter court attaches and the cause proceeds as if originally instituted there."

The case having been properly transferred to the civil issue docket of the Guilford County Superior Court, Greensboro Division, Judge Rousseau presiding had jurisdiction to hear and determine the motions in the case originally made in the municipal-county court.

A study of the answer of the defendants Tarkington shows these admissions: One, the execution of the written lease between Wayne Theatres, Inc., as lessor, and themselves, as lessees, and the terms of the lease, as alleged in the complaint. Two, their entry into possession of the demised premises about 1 November 1953, and their continuous possession since. Three, their payment of rent under the lease from time to time to Wayne Theatres, Inc., to Max Zager Enterprises and to plaintiff. Four, they are now in arrears of payment of rent to plaintiff in the sum of $3,000.00.

Plaintiff alleges Wayne Theatres, Inc., assigned the lease to Max Zager about 1 December 1954, and about 1 March 1956 Max Zager assigned the lease to plaintiff, who is now the owner of the lease. Although the defendants Tarkington in their answer say they have no knowledge as to these assignments of the lease and as to plaintiff's ownership of the lease, and therefore deny the same, they assert in their brief "the plaintiff in the instant proceeding is the sub-assignee of the original lessor, and is not an original party to the lease," and their argument in their brief is based on the allegation in the complaint that plaintiff is the assignee of the lease.

It is well settled law in this jurisdiction that when plaintiff, according to the allegations of its complaint, became the assignee of this lease, a non-negotiable chose in action, it took it subject to any set-off or other defense which the lessees may have had against its assignors based on facts existing at the time of, or before notice of, the assignment, even though it bought it for value, and in good faith. G.S. 1-57; *Iselin & Co. v. Saunders*,

231 N.C. 642, 58 S.E. 2d 614, and the numerous cases there cited. This Court said in *Harris v. Burwell*, 65 N.C. 584, speaking of the language of Sec. 55, C.C.P., now set forth in G.S. 1-57, which subjects the assignee to any set-off or other defense existing at the time of, or before notice of, the assignment: "This language is as broad as it can well be; so that a note assigned after it is due, a half dozen times, will be subject to any set-off or *other defense* that the maker had against any one or all of the assignees at the date of the assignment, or *before notice thereof.*" The assignor of a non-negotiable chose in action cannot confer upon an assignee a greater right than he has. *Ricaud v. Alderman,* 132 N.C. 62, 43 S.E. 543.

"It is well settled that in an action by an assignee, a claim in favor of defendant against the assignor can be allowed as a set-off, counterclaim, or reconvention only to the extent of the claim sued on, and judgment cannot be rendered against the assignee for the excess. Defendant is entitled to use his claim defensively, and not offensively. . . ." 80 C.J.S., Set-Off and Counterclaim, p. 121. To the same effect 47 Am. Jur., Setoff and Counterclaim, p. 756. See McIntosh, N.C. Practice & Procedure, 2nd Ed., Vol. I, p. 693.

Plaintiff alleges that it is the owner as assignee of Max Zager, who was an assignee of Wayne Theatres, Inc., of a written lease entered into between the defendants Tarkington, as lessees, and Wayne Theatres, Inc., as lessor, and sues the lessees for unpaid rent. The defendants Tarkington admit in their answer they owe plaintiff the exact amount of rent it sues for, and file a cross-action or counterclaim against Wayne Theatres, Inc., Max Zager, and Max Zager Enterprises to recover damages from them, to be reduced by an amount to be applied to the rent they owe plaintiff, upon the alleged ground that they were induced by the actionable fraud of Wayne Theatres, Inc., acting by its duly authorized agent Max Zager, to execute the lease upon which plaintiff sues. It appears from Max Zager's special appearance and motion to dismiss that Max Zager Enterprises is merely a trade name he uses. The defendants Tarkington seek no affirmative relief against plaintiff.

The purpose and intent of G.S. 1-137(1) "is to permit the trial in one action of all causes of action arising out of any one contract or transaction." *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614.

The cross-action by a defendant against a codefendant or a third party permitted by the statute must arise out of the subject of the action as set out in the complaint, and have such relation to plaintiff's claim as that their adjustment is necessary to a full and complete determination of the cause. *Schnepp v.*

*Richardson*, 222 N.C. 228, 22 S.E. 2d 555; *Beam v. Wright*, 222 N.C. 174, 22 S.E. 2d 270; *Wingler v. Miller*, 221 N.C. 137, 19 S.E. 2d 247; *Montgomery v. Blades*, 217 N.C. 654, 9 S.E. 2d 397; *Wrenn v. Morgan*, 148 N.C. 101, 61 S.E. 641; *Branch v. Chappell*, 119 N.C. 81, 25 S.E. 783; *Hulbert v. Douglas*, 94 N.C. 128; *Bitting v. Thaxton*, 72 N.C. 541; McIntosh, N. C. Practice & Procedure, 2nd Ed., Vol I, Secs. 1238, 1239 and 1240. See *Etheridge v. Wescott*, 244 N.C. 637, 94 S.E. 2d 846.

This Court said in *Hancammon v. Carr, supra:*

"As the purpose of the two sections (G.S. 1-123 (1), G.S. 1-137 (1)) is to authorize the litigation of all questions arising out of any one transaction, or series of transactions concerning the same subject matter, in one and the same action, and not to permit multifariousness, it must appear that there is but one subject of controversy. McIntosh, P. & P., 491; *Street v. Andrews*, 115 N.C., 417; *McKinnon v. Morrison*, 104 N.C., 354; *Bitting v. Thaxton*, 72 N.C., 541; *Walsh v. Hall*, 66 N.C., 233; *Wilson v. Hughes*, 94 N.C., 182; *Smith v. Building & Loan Assn.*, 119 N.C., 257; *Branch v. Chappell*, 119 N.C., 81; *Bazemore v. Bridgers*, 105 N.C., 191; *Smith v. French*, 141 N.C., 1; *Smith v. Smith*, 225 N.C., 189, 34 S.E. (2d), 148; *Pressley v. Tea Co.*, 226 N.C., 518, 39 S.E. (2d), 382."

Independent and irrelevant causes of action between two defendants, which do not come in question in settling the controversy involved in plaintiff's cause of action, cannot be litigated by cross-action. *Horton v. Perry*, 229 N.C. 319, 49 S.E. 2d 734; *Schnepp v. Richardson, supra; Beam v. Wright, supra; Wingler v. Miller, supra; Montgomery v. Blades, supra; Rose v. Warehouse Co.*, 182 N.C. 107, 108 S.E. 389; *Coulter v. Wilson*, 171 N.C. 537, 88 S.E. 857; *Hulbert v. Douglas, supra.* Such controversies are wholly foreign to plaintiff's cause, and must be settled in another suit between the defendants. *Gibson v. Barbour*, 100 N.C. 192, 6 S.E. 766. Such defendants cannot engraft their independent and irrelevant causes upon plaintiff's cause, and compel him to stand by while they litigate their differences in his suit. *Schnepp v. Richardson, supra; Montgomery v. Blades, supra.*

A party has the right either to rescind what has been done as a result of fraud, or affirm what has been done, and sue for damages caused by the fraud, but he must choose which course he will pursue for the remedies are inconsistent. He cannot choose both. *Surratt v. Ins. Agency*, 244 N.C. 121, 93 S.E. 2d 72.

If Wayne Theatres, Inc., had not assigned the lease, and had sued the defendants Tarkington for unpaid rent, they could set

up as a counterclaim against it the cross-action they have filed in the instant case. *Threadgill v. Faust,* 213 N.C. 226, 195 S.E. 798. See *Wilson v. Hughes,* 94 N.C. 182; *Walsh v. Hall,* 66 N.C. 233.

The written lease entered into between Wayne Theatres, Inc., as lessor, and the defendants Tarkington, as lessees, is the sole ground set forth in the complaint as the base of plaintiff's action. All the claims asserted in the cross-action against the assignors of this lease arise out of the lease set forth in the complaint as the foundation of plaintiff's claim. It is not a remote, uncertain or partial connection, and the parties must have assumed to have had this connection and its consequences in view when they dealt with each other. The defendants Tarkington, to prove a defense against the plaintiff, assignee of the lease, for alleged fraud on the part of Wayne Theatres, Inc., and Max Zager, assignors of the lease, in inducing them to execute the lease, must show actionable fraud on the part of Wayne Theatres, Inc., or Max Zager, or both. The defendants' cross-action is so interwoven in plaintiff's cause of action that a complete story as to one cannot be told without telling the essential facts as to the other, and has such relation to plaintiff's claim that the adjustment of both is necessary to a full and final determination of the controversy. The cross-action of the defendants Tarkington is authorized by G.S. 1-137(1), which is a statute very broad in its scope and terms, and which should be liberally construed by the court in furtherance of its desirable and beneficial purpose. *Smith v. French,* 141 N.C. 1, 53 S.E. 435. What is a proper counterclaim as the word is used in Sec. 4, Rule 25, (c), (4), of Ch. 971 of the 1955 Session Laws of North Carolina, is to be determined by the provisions of G.S. 1-137.

Judge Rousseau erred in holding that the cross-action is not a proper cross-action or counterclaim, and is not pleadable in this action, and that it is not a proper cross-action or counterclaim within the requirements and meaning of Sec. 4, Rule 25, (c), (4), of Ch. 971, of the 1955 Session Laws of North Carolina, and that the cross-action or counterclaim constitutes a misjoinder of parties and causes, and is irrelevant, immaterial and fails to allege a proper defense to plaintiff's claim, and that the plaintiff's motion to strike, and the motions of the additional defendants to dismiss should have been granted. Sec. 4, Rule 25, (c), (4), of Ch. 971 of the 1955 Session Laws of North Carolina, authorizes the filing of a counterclaim in which a money judgment is in good faith sought to be recovered beyond the jurisdiction of the court, and states such counterclaim shall be a valid and subsisting claim for the amount alleged,

but the action shall be at once transferred by that court to the regular civil issue docket of the Superior Court of Guilford County, Greensboro Division. The contention of the additional defendants as set forth in their special appearance and motion to dismiss on the ground that the court had no jurisdiction over them or the cause of action alleged against them is without merit.

Judge Rousseau erred in entering judgment striking out the cross-action, in dismissing the cross-action against the additional defendants, in quashing the service of summons upon them, and in remanding the case to the Greensboro, Guilford County, Municipal-County Court for trial.

This Court said in *Surratt v. Ins. Agency, supra:* "The exception to the signing and entry of judgment, the sole exception on this appeal, presents for decision the question as to whether the pleadings and admitted facts, on which the trial judge ruled, support the judgment."

The defendants Tarkington have excepted to the signing and entry of Judge Rousseau's judgment. The pleadings and admitted facts on which the learned judge ruled do not support his judgment.

Reversed.