# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## *DECEMBER TERM, 1873.*

---

### NORDMAN vs. WILKINS & FILES.

CHATTEL MORTGAGE: *When demand before suit not necessary.*
The continued use and possession of a chattel mortgage, after breach
of condition or nonpayment, is such adverse possession as will cu-
title the mortgagee to bring suit without first making demand.

APPEAL from *Jefferson* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*A. H. Garland,* for appellees.

SEARLE, J.  This cause was first tried before a justice of the
peace, from which it was appealed to the Jefferson circuit
court.  There it was tried anew, and judgment being rendered
against him, the defendant appealed to this court.  The record
discloses the following facts, namely : That the appellant, be-
ing indebted to the appellees, executed, etc., to them a mort-
gage upon a buggy, conditioned that if the note was not paid

by a certain date, the appellees were authorized to take immediate possession of the property, and after giving five days' notice, etc., to sell the same at public auction, etc. When the note became due, the appellant failed to pay it, and the appellees brought their action for the possession of the property, without first having demanded the same. Two exceptions were saved to the rulings of the court below.

The first exception was to the overruling of a motion to dismiss the action because of the insufficiency of the affidavit showing the appellee's right to the property in controversy.

The affidavit is as follows: "Plaintiff, Jacob Files, states that the personal property claimed by him in this action is one leather top buggy; that it is worth two hundred dollars, and that for the detention thereof, he believes he ought to recover twenty dollars in damages; that he is the owner of said property and is entitled to the immediate possession of the same; that it is wrongfully detained by the defendant, and was not taken for taxes or fine against the plaintiff, or any order or judgment of a court against him, or seized under an execution or attachment against his property, and that this cause of action accrued within one year past. JACOB FILES.

"Sworn to before me this the fifth day of June, A. D. 1872.
"D. ASCHAFFENBURG, J. P."

This affidavit is in substantial compliance with amended section 203 of the code, and is sufficient, and the circuit court, therefore, very correctly overruled the motion. The second exception was taken to the ruling of the circuit court, in refusing to give to the jury the instructions as to the law of the case asked by the appellant. The instructions asked and refused were as follows: "If the jury believe from the evidence that the buggy in controversy was lawfully in the possession of the defendant with the knowledge and consent of the plaintiffs, and that plaintiffs have failed to prove demand

therefor before bringing this suit, they will find for the defendant, unless they find that the defendant had, after the note had become due, converted the property to his own use or exercised acts of ownersihp over it adversely to the plaintiff's rights."

No demand was proven upon the trial. Nor do we think it was necessary. When the note became due, the appellant should have sought the appellees and paid it. Not having done so, the appellees had an absolute right to the immediate possession of the property for the purpose of sale, etc. The appellant having failed to pay the note at maturity, his continued possession and use of the property thereafter was such an adverse possession as entitled the appellees to their suit against him without first making demand. The court, therefore, upon this state of evidence, did not err in refusing to give the above instructions.

Finding no error, let the judgment be affirmed.