ALBERT KRAMER v. THE THOMSON–HOUSTON ELECTRIC LIGHT COMPANY, of Boston, Mass.

*Attachment—Cause of Action—Counter-claim—Evidence—Witness.*

1. The answer of a witness, who is also a party to the action, to a question put with a view to disparage him by showing his interest in or relation to the controversy, cannot be contradicted—it being not only collateral, but irrelevant.

2. No cause of action for wrongfully suing out a warrant of attachment can arise until there has been a legal determination of the proceedings thereunder.

3. The facts constituting a counter-claim must arise out of the same transaction that is the subject of the complaint, and they must exist at the time of the commencement of the action.

(*State* v. *Patterson*, 2 Ired., 346; *Clark* v. *Clark*, 65 N. C., 655; *Hiatt* v. *Patterson*, 74 N. C., 157; *State* v. *Davis*, 87 N. C., 514, cited and approved).

CIVIL ACTION, tried before *Clark, Judge,* at May Term, 1886, of DURHAM Superior Court.

The plaintiff commenced this action on the 12th day of February, 1886, to recover the value of certain services, which he alleged he rendered to the defendant at its request. On the 25th day of the same month, he obtained a *warrant of attachment* in aid of his action, which was levied upon a certain debt due to the defendant.

The defendant, in its answer, denied the material allegations of the complaint, and alleged a *counter-claim* for damages sustained, as is alleged, by the warrant of attachment mentioned, which, it is alleged, was sued out without any sufficient cause, &c.

The plaintiff demurred to the *counter-claim,* upon the grounds:

First. That "the cause of action stated therein, did not arise out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim, nor is it connected with the subject of the action."

"Second. That the cause of the action set forth in the said counter-claim, did not exist *at the time* of the commencement of the action."

The Court overruled the demurrer, and the plaintiff excepted.

The plaintiff then made reply to the *counter-claim.*

The plaintiff was introduced as a witness in his own behalf, and was asked upon cross-examination, if, after the sale of the apparatus to the Durham Company had been agreed on, but before the sale was concluded and the delivery of the apparatus made, he did not say to C. M. McNett, the general agent of the defendant, that unless he, (McNett), added $1,000 to the price of the apparatus, to be paid by the Durham Company therefor, and gave him (Kramer) one-half of this sum, that he (Kramer) could and would break up his trade in Durham. Witness denied making use of the language imputed.

Defendant introduced the said C. M. McNett, and he was allowed to testify, after objections, that plaintiff did make use of the language above set forth. Plaintiff excepted.

The jury rendered a verdict in favor of the defendant upon all the issues submitted to them.

Thereupon, the Court gave judgment for it, and the plaintiff, having excepted, appealed to this Court.

*Messrs. R. C. Strudwick* and *J. A. Long,* for the plaintiff.
*Messrs. John Manning* and *W. W. Fuller,* for the defendant.

MERRIMON, J. (after stating the facts). The evidence elicited by the defendant on the cross-examination of the plaintiff, testifying as a witness in his own behalf, was simply collateral to the issues submitted to the jury. It was irrelevant and immaterial as substantive evidence; it did not tend to prove or disprove the material issue as to the question of the defendant's indebtedness to the plaintiff. As to this, it only tended to mislead and confuse.

What the defendant suggested by its question might be true, and yet the defendant might owe the plaintiff for services as alleged in the complaint.

The only legitimate purpose of the question and an affirmative answer to it, would be to disparage and discredit the witness.

The credit of a witness may be thus attacked, but generally, the party calling for the answer must be bound by it; he cannot contradict it by a witness called for the purpose, as was done in this case. The general rule, however, is relaxed in cases when the cross-examination relates to collateral matters that tend to show the temper, disposition or conduct of the witness cross-examined, in relation to the action, or the parties to it.

As to such matters, the witness may be contradicted, because the examination in such respects, tends to show that he is or has in some way, or for some consideration, identified himself with the fortunes of the action or the parties to it, adverse to the party attacking his credibility.

But the purpose of the cross-examination here, did not come within such exceptions. It was not to show the temper, disposition or conduct of the plaintiff as a witness for himself in relation to the action or the parties. These things, in the nature of the matter, were manifest—he was himself the plaintiff, with the temper of the plaintiff, with interest and disposition avowedly adverse to the defendant—and these considerations went into the scale against him as a witness, as much and as certainly as if the same had been testified to by himself and many other witnesses.

The sole purpose of the cross-examination was to disparage and discredit the witness, and the defendant was concluded by his answer. It was therefore error to receive the testimony going to contradict his answer to the question put to him. *State* v. *Patterson*, 2 Ired., 346; *Clark* v. *Clark*, 65 N. C., 655; *Hiatt* v. *Patterson*, 74 N. C., 157; *State* v. *Davis*, 87 N. C., 514; Greenleaf on Evidence, §449.

We are also of opinion that the Court erred in overruling the demurrer. In our judgment, in no possible aspect of the matter alleged as a *counter claim*, can it be upheld as such. The warrant of attachment was incidental and ancillary to the plaintiff's action. It was not discharged, but continued from the time it was granted to be, and still is in force, and the plaintiff may avail himself of it, if he shall recover judgment, unless for good cause, it shall, in the meantime, be discharged.

The ground of the alleged *counter-claim*, is the wrongful suing out of this warrant of attachment, and the execution of the same upon a debt due to the defendant from a third party.

But so far as appears from the pleadings, including the answer itself, the warrant was regularly granted, and it continues in force for all proper purposes. No cause of action in that respect has yet arisen in favor of the defendant, and none may ever arise. Certainly, none will arise, if it shall turn out that the plaintiff recovers judgment, as he may possibly do. The mere fact of bringing a groundless action, or the suing out in it of a provisional remedy, ancillary thereto, does not of itself constitute a case of action; the wrong and injury cannot be complete, until the action or provisional remedy in it, is determined; then only can the cause of action on that account arise and be complete. The groundlessness of the action or provisional remedy, is an essential element of such a cause of action, and this cannot completely exist or appear, until the action or provisional remedy is ended. It would be anomalous and absurd to sue upon a cause of action before it had arisen. And quite as absurd to sue upon a constituent part of a cause of action that may never arise! There was therefore no *counter-claim* alleged.

But if this were not true, and the matter alleged constituted a cause of action, it could not be pleaded as a *counter-claim* in this action, as allowed by the statute (The Code, §244), because it did not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, nor was it

connected with the subject of the action. The plaintiff sues to recover the value of certain services rendered by him to the defendant at its request. The supposed cause of action alleged as a *counter-claim* grew out of alleged wrongful procedure in the course of the plaintiff's action, which, in no proper sense, grew out of his *cause* of action, but grew out of the action itself, through and by which the plaintiff seeks redress. The defendant alleges that the plaintiff in the course of his action, prostituted a legal remedy,·to his injury and damage, and this he seeks to make the ground of a *counter-claim.*

Nor did such supposed *counter-claim* arise out of a contract existing at the time of the commencement of the action. The supposed cause of action, as we have seen, arose after the action had begun.

It is unnecessary to take further notice of the exceptions. It is clear that the plaintiff is entitled to a new trial. The judgment must be reversed, the demurrer to the *counter-claim* sustained, and a new trial had according to law.

Error.                                                        Reversed.