E. F. MOORE v. JOSEPH RAY.

*Contract—When Right of Action Accrues—Demand.*

A chattel mortgage contained a stipulation that if the mortgagor failed to pay the debt secured. " *on or before maturity*," the mortgagee might take possession of the mortgaged property and sell: *Held* (1), that the mortgagor had the entire day of maturity within which to make payment, and that an action begun by the mortgagee upon that day for the recovery of the property, although he had previously demanded the possession, was premature; (2) that if the contract had provided that the mortgagee might take possession *at maturity*, in case of default, yet to enable him to commence his action on that day he must allege and prove that he had previously on that day made demand, not only for the possession of the property included in the mortgage, but for the payment of the debt.

This was an action of claim and delivery, tried at the November Term, 1890, of the Superior Court of CUMBERLAND County, before *MacRae, J.*

Appeal by defendant.

The facts are stated in the opinion.

*Mr. George M. Rose*, for plaintiff.
*Mr T. H. Sutton*, for defendant.

AVERY, J.: We think the summons was issued before the plaintiff's right of action accrued, and, of course, if it appeared that he had no standing in Court, then he cannot maintain his suit now.

The plaintiff E. F. Moore claimed the property as mortgagee in several chattel mortgages executed by the defendant Ray to him on the 12th of April, 1888, to secure the payment of notes which would become due November 1st, 1888. The property was conveyed upon a special trust, which was expressed in each of the mortgages as follows: "That if I fail to pay said debt and interest *on or before maturity*, then he may take into his possession and sell said property and crop, or so much thereof as may be necessary, by auction, for cash, first giving twenty days' notice at three public places, and apply the proceeds of such sale to the discharge of said debt and interest on the same, and pay any surplus to me."

The plaintiff Moore caused summons to be issued on the first of November, 1888, the day on which the notes fell due and seized the mortgaged crops conveyed. After execution of the notes and before the suit was brought, they were assigned to the People's National Bank of Fayetteville by Moore and discounted by the Bank. In the complaint it is alleged that the plaintiff Moore had demanded the possession of the property, but there was neither allegation nor proof that a demand was made on November 1st, 1888, and before the issue of the summons on the same day, for payment of

the notes executed by the defendant, and shown to be, on that day, held by the bank as assignee.

It was error to instruct the jury that if they believed the plaintiff was the owner of the mortgages described in the complaint, and that said mortgages had not been paid on November 1st, 1888, he was entitled to the possession of the property. It is evident that the parties intended to stipulate, and did agree, that the plaintiff should have the right to take possession of the property after default in payment of the notes, and also after the expiration of the day when the notes should fall due. The plaintiff, under the mortgages, had power to seize and sell on failure to pay the notes with interest, "on or before maturity," and this special provision of the trust cannot be fairly interpreted to mean the same as the words "at maturity," usually employed in such instruments. The general rule as to negotiable instruments, payable at a particular place as well as at a fixed time, is, that if payment be demanded and refused, or if no one be found to answer at the place of payment on the day of maturity, the bill or note may be treated as dishonored, notice may be given and the drawee or endorser held liable; but, in the absence of such demand or default in appearing at the place of payment, the maker or acceptor has the privilege of paying at any time during the day, and, even though in the course of the day he should refuse payment, if he subsequently before its expiration pay the amount due, he discharges the debt, and the dishonor becomes of no avail. 2 Daniel Neg. Inst., § 1235.

It was obviously the intention of the parties to place payments made *on* the day of maturity on the same footing with those made *before*, between the execution and the first of November. By the special agreement of the parties, the property could no more be seized on that day than at any time between April the 12th and November the 1st. But if the right to take possession of and sell had, by the terms of

the trust, accrued "at maturity," it would have been necessary to allege and prove, not simply a demand and refusal of the possession of the mortgaged property, but also refusal to pay the amount due on the notes on demand made during the day and before issuing summons. The Judge below should have instructed the jury that, upon the pleading and evidence, the plaintiff could not recover. It is not necessary that we should decide other questions discussed by counsel in this Court. There was error in the charge of the Court, for which a *new trial must be granted*.

Error.