M. W. BUFFKINS v. D. EASON AND WIFE.

*Claim and Delivery—Title to Personal Property—Demand.*

1. Where E. bought the interest of his partner, B., in a crop and agreed that the title to the crop should be in B. until the purchase-money, expenses, etc., should be paid by the purchaser : *Held*, that the effect of the contract was to place the title to the entire crop in B. until the amount therein specified was paid, and hence that claim and delivery would lie.

2. The denial by answer of title alleged in the complaint dispenses with the necessity of proof of demand before action brought and it was not error in the Court below to withdraw, as immaterial, an issue previously submitted to the jury concerning such demand.

CIVIL ACTION, tried at Fall Term, 1892, of PASQUOTANK Superior Court, before *Hoke, J.*

The plaintiff and defendant were partners, as farmers and stock-raisers, for the year 1890, upon terms set out in articles of partnership. In August of that year the defendant bought out the interest of the plaintiff in the crop and executed to him the following instrument :

"I, D. Eason, do hereby agree to pay M. W. Buffkins or his heirs, on or before the 1st day of January, 1891, two hundred dollars for his entire interest in all the crops which I, the said Eason, have raised on the Carver farm in the year 1890, except the grass and clover patch on house side; and the said Eason further agrees to pay all expenses for working said crop and to pay all bills and accounts for which the said M. W. Buffkins may be bound for in the working said crop of 1890; and I further agree that the title to the said crop shall be in the said M. W. Buffkins until said purchase-money, expense bills, and accounts are paid by the

said Eason. Given under my hand and seal, this the 28th day of August, 1890. D. EASON, (Seal)."

The purchase-money not having been paid, the plaintiff brought claim and delivery for the corn raised on the farm. The defendant denied the plaintiff's title and contended that he and plaintiff were tenants in common of the corn and that claim and delivery would not lie.

Verdict and judgment for plaintiff. Appeal by defendant.

*Messrs. Grandy & Aydlett,* for defendant (appellant).
No counsel *contra.*

CLARK, J.: We concur with his Honor that the force and effect of the contract set out was to place the title to the entire crop in the plaintiff, until the amount therein specified was paid, and hence that claim and delivery would lie. The words, "I further agree that the title to the said crop shall be in the said Buffkins until," etc., admit of no other construction. They were so construed when the case was here before, 110 N. C., 264. The case then went back because it did not appear that the execution of the contract of sale was proved. On this trial its execution was admitted by the defendant.

The allegation in the complaint of title to the corn was denied by the answer. The Court therefore properly held that no demand was necessary and committed no error in withdrawing an issue, previously submitted, as to whether or not there had been a demand made before action brought. *Vincent* v. *Corbin,* 85 N. C., 108; *Waddell* v *Swann,* 91 N. C., 108; *Wiley* v. *Logan,* 95 N. C., 358.

No Error.