Error.

H. N. SNOW AND ELLINGTON, ROYSTER & CO. v. THE BOARD
OF COMMISSIONERS OF DURHAM COUNTY.

*Contract—Claim against County—Materials Furnished Sub-
contractors—Priorities.*

Where County Commissioners contracted with E. & Co. to build a court-
house, who sublet the plumbing and piping to S., who, in his turn,
assigned it to B. and took B.'s note, and in payment of a small
sum due the contractors by him transferred it to the contractors
with an agreement, assented to by B., that they would pay to S.

the amount of the note (less the small sum due by S. to them) out of the money to become due to B. from them, and B. subsequently became indebted to R. & Co. for materials used in completing his plumbing contract, and the Commissioners, by a lien filed by R. & Co., the material men, paid the latter the balance due E. & Co. on the contract for the whole work : *Held*, (1) that a court-house cannot be subjected to a lien for labor or material; (2) that the County Commissioners are liable to S. for the amount which the contractors agreed to pay him out of the sum due B. from them; (3) the material men, R. & Co., being creditors of B. only, are entitled to recover of the money in the County Commissioners' hands no more than was due B. under the agreement in force when the claim for materials originated, which was the difference between the contract price of the work done by B. and the sum which the contractors had agreed to pay to S., B.'s assignor.

This was a CIVIL ACTION, tried before *Connor*, *J.*, at the Fall Term, 1892, of the Superior Court of DURHAM County.

The parties duly waived trial by jury, and consented for the Court to hear and determine all questions of law and fact. Pursuant thereto the Court heard the testimony and found the following facts:

The plaintiffs W. J. Ellington, L. H. Royster and B. F. Park, doing business under the firm name and style of Ellington, Royster & Co., in the city of Raleigh, N. C., on the 5th day of July, 1887, entered into a contract, in writing, with the defendant, the Board of Commissioners of Durham County, whereby they undertook to erect, in the town of Durham, in said county, a public court-house, in accordance with certain plans and specifications therein referred to. A copy of said contract is hereto attached, marked "Exhibit A." That as a part of said plan and specifications it was provided that certain plumbing and piping were to be placed in said court-house. That said Ellington, Royster & Co. contracted with Goodwin & Co. to do the said plumbing and piping, and the said Goodwin & Co. transferred their said contract to the plaintiff H. N. Snow, and on the 26th day of October, 1888, the said

H. N. Snow transferred the said contract to J. C. Brewster, of Raleigh, N. C. A copy of said transfer is hereto attached, marked "Exhibit B." Goodwin & Co. were to receive for said plumbing and piping the sum of twelve hundred dollars from the said Ellington, Royster & Co. Goodwin & Co. and H. N. Snow had, for the purpose of completing said work, purchased certain material which they transferred to said J. C. Brewster, together with some tools, etc. In consideration of the said assignment and the said material and tools, etc., the said J. C. Brewster, on the said 26th day of October, 1888, executed to the plaintiff H. N. Snow his promissory note for the sum of six hundred and ninety-four dollars and forty-six cents, to be due January 15, 1889. Said Ellington, Royster & Co. had notice of and assented to the assignment to said J. C. Brewster. There was an agreement made after the execution of the note on the part of said J. C. Brewster, with said H. N. Snow, that the said note should be paid out of the money coming to him from the Commissioners of Durham on account of the plumbing and piping of the said court-house. Ellington, Royster & Co. had notice of and assented to this agreement. The said Ellington, Royster & Co. having a claim against the plaintiff H. N. Snow on account of some work—work included in said contract—for the sum of thirty-eight dollars, the said H. N. Snow, on the 11th day of December, 1888, indorsed the said note to them, with the agreement, made on said day, that they were to receive the money therefor from said amount due Brewster from said work, and after deducting said sum pay the balance to the said H. N. Snow, and said J. C. Brewster was a party to this said agreement.

The defendant Board of Commissioners were notified of the plaintiffs' claim and the agreement between J. C. Brewster, Ellington, Royster & Co. and the plaintiff on the 1st

day of April, 1889, after the said court-house and said plumbing and piping had been completed. The said plumbing and piping was the last work done on said court-house.

James Robertson, trading under the firm name and style of James Robertson & Co., of the city of Baltimore, Md., between the 6th day of November, 1888, and the 23d day of the said month in the same year, furnished to the said J. C. Brewster plumbing and piping material, which were used by the said Brewster in and on account of the said court-house, of the value of nine hundred and four dollars and eight cents, which sum said Brewster failed to pay the said James Robertson & Co. The said James Robertson & Co., on the 19th day of December, 1888, filed in the office of the Clerk of the Superior Court of Durham County notice of lien on said court-house, and all unpaid balance due or to become due from the Board of Commissioners of Durham County to said Ellington, Royster & Co., and from Ellington, Royster & Co. to Goodwin & Co., or to H. N. Snow, surviving partner of said Goodwin & Co., or to J. C. Brewster as subcontractor,　*　*　*　to an amount sufficient to pay the aforesaid bills for material, amounting to nine hundred and four dollars and eight cents. See Lien Book, Lien No. 178. A copy of said lien is hereto attached, marked "Exhibit C." The defendant Board paid to the said Ellington, Royster & Co. all of the contract price for building said court-house, except the sum of eight hundred and sixty-three dollars, which was the balance due J. C. Brewster on account of the plumbing and piping.

On the 1st day of April, 1889, the defendant Board of Commissioners notified Messrs. Ellington, Royster & Co., James Robertson & Co., J. C. Brewster and the plaintiff H. N. Snow that they were ready to pay said sum to whosoever it might be lawfully due, and the said parties in per-

son and by their attorneys appeared before said Board and asserted their respective claims to said sum. The said Ellington, Royster· & Co. and plaintiff H. N. Snow protested against the payment of said sum to any one save themselves, and the said James Robertson & Co., by their attorney, Mr. W. A. Guthrie, claiming said sum by virtue of the aforesaid lien, the defendant Board of Commissioners thereupon notified the said parties claiming said sum that they would leave the said sum in the hands of the Treasurer of the county for a reasonable length of time, until the parties claiming the same should establish their right thereto by the judgment of some competent Court. That no action was instituted to have the right of either of said parties to said sum adjudicated, and on the 3d day of June, 1889, the defendant Board of Commissioners paid the sum over to Mr. W. A. Guthrie, attorney for James Robertson, in the discharge of the aforesaid lien. The plaintiffs have demanded the payment of so much of said sum as is necessary to discharge the said note and interest thereon, and the defendants have refused to pay the same. The plaintiffs thereupon, on the 27th day of December, 1890, instituted this action to recover the said amount.

The Court, upon the foregoing facts, adjudged that the plaintiffs recover of the defendant Board of Commissioners, for the use of the plaintiff H. N. Snow, the sum of six hundred and ninety-four dollars and forty-eight cents, with interest thereon from January 15, 1886, together with the costs in this behalf expended, to be taxed by the Clerk. The defendants excepted and appealed.

The material parts of Exhibits "A," "B" and "C" referred to in case on appeal are as follows:

"*Exhibit A.*"—Articles of agreement between Ellington, Royster & Co. and the Board of Commissioners of Durham County, in which it is stated that the former will in a work-

man-like manner build and finish a court-house in the town of Durham, according to plans and specifications made a part of this contract, and that they are to furnish all material and labor; and the said Commissioners agree to pay therefor $19,900, in certain installments mentioned, etc.

"*Exhibit B.*"—The contract was transferred to J. C. Brewster, who agreed to carry out fully all work required of Goodwin & Co., in fulfillment of the contract, and to receive all payment for same (this was the contract made between Goodwin & Co., of Durham, and Ellington, Royster & Co., the same being signed by H. N. Snow for Goodwin & Co., and by J. C. Brewster).

"*Exhibit C.*"—Baltimore, December 1, 1888. James Robertson & Co. in account with J. C. Brewster. This account shows the material furnished for plumbing, etc., in said court-house, amounting in the aggregate to $904.08. Robertson & Co. subsequently filed a lien for said materials against Brewster, Goodwin & Co., Ellington, Royster & Co. and the Board of Commissioners of Durham County to secure payment of said $904.08, the said lien being filed upon the said new court-house building and the lot and premises on which the same is situated and being erected, together with his claim for a lien as a material man upon all unpaid balances due from the said Board of Commissioners from Ellington, Royster & Co., and from Ellington, Royster & Co. to Goodwin & Co., or to H. N. Snow, surviving partner of Goodwin & Co., or to J. C. Brewster as a subcontractor as aforesaid, or to John Devereux, Jr., trustee of Brewster under a certain deed of assignment from Brewster to Devereux, and registered in the county of Wake, to an amount sufficient to pay said Robertson & Co. the above sum for materials furnished as aforesaid.

*Messrs. Fuller & Fuller*, for plaintiffs.

*Messrs. Boone & Parker* and *W. A. Guthrie*, for defendants (appellants).

BURWELL, J.: We find no error in the judgment from which the defendants have appealed.

By the terms of the contract between the plaintiffs Ellington, Royster & Co. and the defendant Board of Commissioners the latter were bound to pay to said plaintiffs the price agreed upon for the building of the court-house. So far as appears they have never waived their rights to any part of this sum, nor consented that the Commissioners should pay to any other person what was due to them upon the completion of the work they had agreed to do. A portion of their work was the "plumbing and piping," which was done by J. C. Brewster, not for defendants or on their credit, but for Ellington, Royster & Co., and on their credit. The defendants have never owed Brewster any money for that work. The relation of debtor and creditor has not existed between them. But that relation did exist between Brewster and Ellington, Royster & Co. by virtue of the sub-contract made by them for the "plumbing and piping" with Goodwin & Co., and by them assigned to Snow, and by him assigned to Brewster. It was entirely competent for Ellington, Royster & Co., the debtor, and Brewster, the creditor, to agree that Snow should receive a certain part of the money to become due from them to Brewster. No third party had acquired any lien on the fund. And no one now can complain because Ellington, Royster & Co. agreed to pay to Snow a certain portion of the money to become due to Brewster, the amount so to be paid being evidenced by a note given by Brewster to Snow, or because Brewster agreed to accept the difference between the contract price of the "plumbing and piping" and the sum so

to be paid Snow in full satisfaction of his demand against Ellington, Royster & Co. The effect of the arrangement between these parties was as if Brewster had drawn a draft on Ellington, Royster & Co. in favor of Snow for the sum mentioned in the note, to be paid out of the contract price, *and Ellington, Royster & Co. had accepted the draft.*

If the agreement between Snow and Brewster as to the manner of the payment of the note, to-wit, out of the fund to be in the hands of Ellington, Royster & Co., had not been assented to by them, it would have been in effect as if a draft had been drawn as above stated and *Ellington, Royster & Co. had not accepted it,* and there might have been presented to our consideration the question whether or not the agreement between Brewster and Snow amounted to an assignment by the former to the latter of the sum named in the note out of the total sum in the hands of Ellington, Royster & Co. But we have here no controversy between the holders of the fund, Ellington, Royster & Co., and the claimant to a part of it, Snow. They admit their agreement with Snow and their liability thereon and only insist that their debtors, the defendants, shall pay what is due them under the original contract so as to enable them to carry out their agreement with Brewster and Snow. To this recovery Robertson & Co. have no right to object. They are creditors of Brewster and of Brewster alone, and by no action of theirs or of Brewster's can they recover of his debtor more than is due to him under the agreement in force when their claim against him for materials originated, and that, as we have seen, was the difference between the contract price of the plumbing and piping and the sum which Ellington, Royster & Co. had agreed to pay to Snow for Brewster, and that sum they have received and may retain without objection on the part of the plaintiffs.

Nor can the defendants defeat the recovery of plaintiffs by showing that they have paid the sum sued for to Robertson & Co. in order to discharge their alleged lien, for, in the first place, a court-house cannot be made subject to any lien for labor or materials, and, in the second place, if it be conceded that the lienors acquired thereby a lien on the money due from defendants to Ellington, Royster & Co., or on the money due from Ellington, Royster & Co. to Brewster, still the limit of their lien was the net amount due Brewster after deducting what they had assumed to pay to Snow.                                               No Error.