JAMES W. MOORE and wife, SARAH J. MOORE, v. STEPHEN F. HURTT.

(Decided February 21, 1899).

*Mortgage, Chattel—Demand.*

1. In the absence of an express stipulation to the contrary, demand by mortgagee before suit is not necessary.

2. Where it is obvious from the defense set up that a demand would have been futile, the Courts do not hold that the omission to make demand is fatal.

CLAIM AND DELIVERY for personal property, tried before *Norwood, J.,* at Fall Term, 1898, of CRAVEN Superior Court.

The plaintiffs claimed the possession of certain articles of personal property, under a chattel mortgage executed 30th November, 1896, by defendant to *feme* plaintiff, to secure a

note executed by him to her for $300, due 30th November, 1897, with power of sale if debt not paid at maturity. There was no stipulation as to possesion in the meantime.

Suit for possession commenced 23d April, 1897. There was no demand before suit for possession.

The defendant demurred to plaintiffs' evidence and moved for nonsuit. His honor, being of opinion that failure to prove demand was fatal, sustained the demurrer and dismissed the action.

Plaintiffs excepted and appealed.

*Messrs. Simmons, Pou & Ward,* and *L. J. Moore,* for plaintiff (appellant).

No counsel *contra.*

CLARK, J. This is an action to obtain possession of personal property embraced in a mortgage executed by the defendant to the plaintiff. The action was begun before maturity of the debt secured by the mortgage.. The answer denied the plaintiff's right to have possession. The Court below, being of opinion that failure to prove a demand before action brought was fatal, sustained a demurrer to the evidence and dismissed the action. In this there was error.

In the absence of an express stipulation to the contrary, the mortgagee is entitled to take possession of the mortgaged property at any time before or after maturity of the debt or breach of condition. *Hinson v. Smith,* 118 N. C., 503. Here there was no stipulation in the mortgage that the mortgagor should retain possession, and though a verbal agreement to that effect was set up in the answer, there was no evidence to sustain it. The sole purpose in requiring a demand before action is that the defendant shall not be taxed with costs when the plaintiff could have obtained the object of his action by

simply making demand. When, therefore, the defendant sets up a defense to the action, it appearing that a demand would have been futile, the courts do not hold that the omission to make demand is fatal. In this case, the answer averred that the plaintiff was not entitled to the possession of the property by reason of an alleged verbal agreement to the contrary. The omission to make the demand (which when made and acceded to would avoid costs) was therefore immaterial. *Woolen Co. v. McKinnon,* 114 N. C., 661; *Buffkins v. Eason,* 112 N. C., 162; *Rich v. Hobson, Ibid,* 79; *Heath v. Morgan,* 117 N. C., 504; *McQueen v. Smith,* 118 N. C., 450.

New trial.