## SATTERTHWAITE v. ELLIS.

(Filed October 1, 1901.)

1. CHATTEL MORTGAGES—*Claim and Delivery—Replevin—Pos-
   session—Assignments.*

   The assignee of a chattel mortgage is entitled to the possession
   of the property before the mortgage becomes due.

2. COUNTER-CLAIM—*Claim and Delivery—Damages.*

   A counter-claim does not arise in an action for possession of
   mortgaged chattels by reason of the wrongful seizure of
   the property.

3. DEMAND—*Chattel Mortgages—Claim and Delivery.*

   Where it is obvious from the defense set up that a demand
   would have been futile before instituting claim and deliv-
   ery for mortgaged chattels, demand was unnecessary.

4. CHATTEL MORTGAGES—*Possession—Assignment—Notice.*

   Where an assignee of a chattel mortgage acquires the note for
   value before maturity, he is not, in the absence of notice
   thereof, bound by an agreement between the mortgagor
   and mortgagee that the former is to retain possession un-
   til the note is due.

ACTION by L. M. Satterthwaite and others against W. S.
Ellis, heard by Judge *A. L. Coble* and a jury, at Fall Term,

SATTERTHWAITE *v.* ELLIS.

1900, of the Superior Court of CRAVEN County. From a judgment for the plaintiffs, the defendant appealed.

No counsel for the plaintiffs.
*W. D. McIver,* for the defendant.

MONTGOMERY, J.   The plaintiff, who is the assignee of a' note and mortgage made by the defendant, brought this action to recover possession of the personal property conveyed in the mortgage before the maturity of the debt, and at the time of the issuing of the summons seized the property under a proceeding in claim and delivery.   The defendant, in his answer, resisted the plaintiff's claim, averring that there was a verbal agreement between the mortgagee and himself, at the time of the execution of the mortgage, that he should be allowed to remain in possession of the property until the note should fall due, and also set up a counter-claim and prayed for judgment for a return of the property and for damages for the wrongful taking and detaining the same.   Amongst the issues submitted was one (the fifth in number) as to whether demand was made under the mortgage and note on the defendant for possession of the property before the action was commenced, and another (9th) as to the value of the use and possession of the property seized from the date of its seizure to the trial—both issues submitted under the plaintiff's objection.   The jury responded "No" to the fifth issue, and "$110" to the ninth.   His Honor, notwithstanding the finding of the jury on the two issues, gave judgment that the plaintiff recover the property absolutely, the jury having found in response to the first issue that the plaintiff was entitled to the property.

His Honor instructed the jury, amongst other matters, that, "If the jury should find that the plaintiff purchased the note and mortgage from Mitchell (the mortgagee) for value

and before it was due, unless they should find that the plain-
tiff had had notice of the agreement between Mitchell and
Ellis (the defendant), that Ellis should retain possession of
the property (if they should find there was such an agree-
ment), the plaintiff would not be bound by the agreement,
and that the jury should find that the plaintiff was the owner
and entitled to the possession of the property, and answer
'Yes' to the first issue; and that the fact that the defendant
was then in possession of the property was not notice of such
an agreement."

The defendant excepted to the charge, and the contention
of his counsel here was, that the plaintiff as assignee of the
mortgagee had no authority or right to have possession of
the property, that being the privilege of the mortgagee only,
and that that right belonged to the mortgagee, because, and
only because, of the legal title being in the mortgagee—the
legal title drawing the right of possession. But it seems to
us that the better view is that the assignee was entitled to
possession of the property. Under numerous decisions of
this Court it is held that the assignee of a note secured by a
mortgage is entitled to all the rights and privileges which the
mortgagee had, except to sell the property under the mort-
gage, and in Jones on Chattel Mortgages, section 501, it is
said: "The legal effect of the assignment is to transfer the
entire interest of the mortgagee in the property to the as-
signee, who thereupon, in place of the mortgagee, becomes
the general owner. If the mortgagee was entitled to the pos-
session of the property, the legal effect of his assignment is
the same as if he had been in the possession of the property,
and had sold and delivered it to the assignee. His assignee
may recover possession in the same manner that the mort-
gagee himself might have recovered it." And so also it is
said in Jones on Chattel Mortgages, section 506: "An as-
signment by a mortgagee not in possession has the same legal

effect as an assignment by a mortgagee in possession. It passes his entire interest in the property, and the assignee becomes entitled to all the rights of the mortgagee. If the latter is entitled to possession, his assignee in like manner is entitled to possession."

The defendant also excepted to the judgment, first, because it was for the absolute possession of the property; second, because the defendant was not allowed the amount found by the jury under the ninth issue; and also because the jury found that no demand had been made by the plaintiff on the defendant for the property before the action was commenced.

We think the judgment is correct. The action was not for the debt and foreclosure of the mortgage, but simply for the possession of the property. The debt was not due. If the action had been for foreclosure and there had been a verdict of the jury ascertaining the debt, and it had appeared that the property was largely in excess of the debt, the Court might have rendered a judgment for the recovery of the property with a *proviso* that the same should have been relieved of the lien and liability to seizure and sale by the payment of the sum actually due with interest and costs. *Taylor v. Hodges,* 105 N. C., 344.

But as we have said, the action was for the possession of the property itself and the plaintiff had the right to that, notwithstanding the debt was not due. *Hinson v. Smith,* 118 N. C., 503; *Jackson v. Hall,* 84 N. C., 489.

As to the second exception of the defendant to the judgment, it may be said that if the demand for such damages as are embraced in the ninth issue could be considered as a counter-claim (the same not having been set out in the answer, but only in the demands for judgment), it ought not to have been allowed in the judgment. It did not exist at the time of the commencement of the action, nor did it arise out of the same cause of action. It grew out of an alleged wrong-

ful procedure in the present action—the seizure of the property by claim and delivery—and not out of the cause of the action. *Kramer v. Electric Light Co.,* 95 N. C., 277; *Snow v. Commissioners,* 112 N. C., 335; *Phipps v. Wilson,* 125 N. C., 106.

In respect to the third exception to the judgment, it is sufficient to say that no demand was necessary for the possession of the property before the action was commenced. The answer shows, as we have pointed out, that the demand would have been useless. The defendant intended to resist the claim of the plaintiff. *Buffkin v. Eason,* 112 N. C., 162; *Moore v. Hurtt,* 124 N. C., 27. In the last-mentioned case it is said: "The sole purpose in requiring a demand before action is that the defendant shall not be taxed with costs when the plaintiff could have obtained the object of his action by simply making demand. When, therefore, the defendant set up a defence to the action, it appearing that a demand would have been futile, the courts do not hold that the omission to make demand is fatal."

Affirmed.

Douglas, J., concurring. While concurring generally in the opinion, I can not agree with that part of it which holds that the so-called damages embraced in the ninth issue did not arise out of the same cause of action, but out of an alleged wrongful procedure in the action. Whatever terms may have been used by the parties, the sum found due is, in fact, not damages arising out of a wrongful act, but the net value of the use of the property in the plaintiff's possession. It is well settled that while a mortgagee may, in the absence of any stipulation to the contrary, take possession of mortgaged property, he can not sell such property before default. If he sees fit to take the property before the debt is due, he must account to the mortgagor for the value of any reasonable use

to which the property is or could have been put. The reason of the rule is thus given in *Jackson v. Hall,* 84 N. C., 489: "While the defendant invaded no right of the mortgagor in taking and keeping possession until the, day of default, whether the property was or was not in danger of being lost or injured, yet he was, meanwhile, acting as trustee, bound to exercise that diligence and care expected of one in the preservation and management of his own property, and to account not only for profits actually received, but for the value of any reasonable and prudent use to which it could have been put without detriment to the property itself, since he has, as the verdict finds, needlessly deprived the plaintiff of its use." Such a claim is rather in the nature of recoupment, and being "connected with the subject of the action," clearly comes under the first class of counter-claims mentioned in section 244 of The Code. *Electric Co. v. Williams,* 123 N. C., 51. If this were a suit for the foreclosure of the mortgage, which it appears to have been considered through every stage of its proceeding, up to the judgment, I do not see why the defendant could not maintain his counter-claim for the reasonable hire of the property taken before default.