### SMITH v. FRENCH.

### (Filed March 27, 1906).

### PLAINTIFF'S APPEAL.

### *Mortgagor and Mortgagee—Demand — Waiver — Evidence.*

1. Where a mortgagor of a chattel has been left and continues in possession and control of the property and has done nothing to question or jeopardize the mortgagee's right, a demand is necessary before an action to recover the property can be maintained at the mortgagor's expense.

2. This right to demand, however, may be waived or forfeited and is not required where the defendant has committed acts inconsistent with the title and right of possession in the mortgagee and has conducted himself in such a way as to show that a demand would be wholly unavailing.

3. In an action by plaintiff, holding a chattel mortgage, to recover the property, where plaintiff's agent testified that before suit brought he told defendant "We had to have some money or the property, and defendant replied, 'If you get it you will get it by the law,'" the charge of the court that if the jury believed the evidence, they would answer "no" to an issue as to whether there was a demand, was erroneous.

SMITH *v.* FRENCH.

DEFENDANT'S APPEAL.

*Counterclaim—Accounting by Mortgagee—Issues.*

1.  Where defendant, admitting plaintiff's right to possession of the property, under the mortgage to secure a debt of $150, answered further and alleged that there had been seized and turned over to plaintiff, under process in the cause, property to the value of $700, which had been converted and wasted by plaintiff, and tendered an issue as to the value of the property seized to the end that he might have payment for any excess over and above plaintiff's debt, the court erred in declining to submit the issue, or some proper issue on the question of an account.

2.  A counterclaim connected with plaintiff's cause of action or with the subject of the same (Rev., sec. 481, sub-sec. 1,) should not necessarily or entirely mature before action commenced nor even before answer filed if the provisions of the statute permit, and right and justice require that an amendment be allowed which will enable parties to end the same controversy in one and the same litigation.

ACTION by R. L. Smith & Co. against F. J. French, heard by *Judge Henry R. Bryan* and a jury, at the November Term, 1905, of the Superior Court of CRAVEN.

Plaintiff, holding a chattel mortgage on certain personal property of defendant, a crop, a horse, etc., to secure a debt in the sum of $150, brought this action of claim and delivery for the property, and the same was taken under process in the cause and turned over to plaintiff. At the time of action brought, the note was past due and the right of foreclosure had become absolute. The note is not set out, but the amount seems to be admitted by the parties' and is assumed to be $150, for the purpose of this appeal.

Plaintiff filed his complaint alleging ownership of the property and its value; defendant answered, admitting plaintiff's right to possession of the property under and by virtue of the debt and mortgage above referred to; averred that no demand for the property had ever been made on defendant before action was brought, and alleged further that under and by vir-

tue of process in the cause, the property embraced in the mortgage to the value of $700 had been seized and turned over to plaintiff, who had wasted and converted the same and demanded judgment against plaintiff for the value of the property over and above the amount due on the mortgage debt and for other relief.

The court submitted an issue as to demand, declining to submit other issues, and the jury having answered the issue to the effect that no demand had been made for the property, the court gave judgment as follows: "This cause coming on to be heard and it appearing to the court that it is admitted in the answer that plaintiffs are owners and entitled to the possession of the property described in the complaint by virtue of a certain mortgage recorded in book 4, page 20, in the office of the register of deeds of Craven County, it is considered and adjudged that plaintiffs are the owners and entitled to possession of said property by virtue of said mortgage. And it further appearing that the jury have found that no demand was made before bringing the action, it is considered and adjudged that plaintiffs pay the costs." From the foregoing judgment, the plaintiffs and defendants excepted and appealed.

*D. L. Ward* for plaintiff.

*W. D. McIver, E. M. Green* and *O. H. Guion* for defendant.

### PLAINTIFF'S APPEAL.

HOKE, J., after stating the case: Plaintiff assigns for error that the judge told the jury "that the demand as claimed and testified to by plaintiff, was not an unequivocal demand and was insufficient in law and in substance, that if they believed the evidence they would answer the issue 'no.' It is very generally held that where a mortgagor of a chattel has been left and continues in possesion and control of the property and

has done nothing to question or jeopardize the mortgagee's right, a demand is necessary before an action to recover the property can be maintained at the mortgagor's expense. Jones on Chattel Mortgages, section 443; Cobley on Chattel Mortgages, volume 1, section 509.

This is so held because in such case the possession of the mortgagor, while permissive, is rightful, and it would be unjust to subject him to cost and expense without giving him notice and opportunity to surrender the property without litigation. This right to a demand, however, may be waived or forfeited and is not required "where the defendant has committed acts inconsistent with the title and right of possession in the mortgagee and has conducted himself in such a way as to show that a demand would be wholly unavailing. 24 Am. & Eng. Enc. (2 Ed.), 510. Our own decisions are to like effect. *Buffkins v. Eason,* 112 N. C., 162; *Moore v. Hurtt,* 124 N. C., 27.

Applying these principles to the testimony pertinent to the issues, we are of opinion that there was error in the charge of the court as indicated in the exception. On the trial John Lancaster, a witness for plaintiff, who was acting as agent for the plaintiff at the time of the conversation, testified, among other things, as follows:

Q. "Before you brought suit, what did you say to defendant?" "I told him we had to have some money or the property, and defendant replied, 'If you get it you will get it by the law.'"

A demand need not be made in technical form. Any words which, fairly interpreted and understood, would convey notice that present delivery is required, will serve the purpose. And so, any words on the part of defendant which, fairly understood, import a denial of plaintiff's right, or express a definite purpose not to deliver voluntarily, will put the defendant in the wrong and justify an action.

While the language of plaintiff's agent may not express

with sufficient distinctness a requirement for the present delivery of the property, the question here is not so much whether a demand was made by plaintiff, but whether the right to require such a demand was waived by defendant; and, if under the circumstances stated, if defendants or either of them replied, "If you get the property, you will get it by law." This can only mean that defendants did not intend to surrender the property voluntarily. Such a statement, if made then and there, put the defendant in the wrong and subjected him to an action for the property. No further demand was required.

There is error and a new trial is awarded.

## DEFENDANT'S APPEAL.

HOKE, J. Defendant, having filed an answer admitting plaintiff's right to possession of the property, under the mortgage to secure the debt of $150, answered further and alleged that there had been seized and turned over to plaintiff, under the process in the cause, property to the value of $700, which had been converted and wasted by the plaintiff, and tendered an issue as to the value of the property seized to the end that defendant might have payment for any excess over and above plaintiff's debt. The court declined to submit the issue, confined the verdict to an issue as to a demand by the plaintiff and gave judgment as set out in plaintiff's appeal. Defendant excepted.

While the plaintiff in his complaint alleges absolute ownership of the property and demands possession as such owner, the answer and the testimony tend to show that he has not the unqualified ownership, but only a special interest in it, to-wit: the right to take it in payment of his debt and to retain only what is necessary for that purpose, when dealt with according to the contract stipulation.

When the debt matured, defendant's right to an account

arose as to any excess which might be realized from the property over and above the amount required to satisfy plaintiff's demand, and there is no reason why such an accounting should not be had in the present suit. In this view of the case the answer of defendant might be considered not so much a counter-claim as a limitation on plaintiff's interest in the property; and where the right to account is alleged in the complaint or asserted in the answer and the evidence establishes its existence, the response to the issue as to ownership should not be "yes," without more, but should be "yes, to secure the debt." And the additional facts required to adjust the rights of the parties may be determined in response to other issues by the jury or by reference as the case may require. It is the policy of The Code that all matters in controversy should be settled in one action as far as this may be done consistent with right and justice, and the course here suggested is sustained by authority. *Taylor v. Hodges,* 105 N. C., 345; *Griffith v. Richmond,* 126 N. C., 377. Inasmuch, however, as the defendant's answer goes further and asks judgment for the excess, it may be necessary to treat the defendant's demand as a counterclaim and regarding it in this light, the court is of opinion that the issue tendered by the defendant or some proper issue determinative of the account on a correct basis, should have been submitted and for the purpose stated, that he might have judgment for the excess, if any were found in his favor. If plaintiff, on obtaining possession of the property, sold it, and in doing so, observed the methods required by the contract, and the property was bought in good faith by a third person, it would seem that the amount realized at the sale would be the basis for a correct accounting. Our statute on counterclaim is very broad in its scope and terms, is designed to enable parties litigant to settle well nigh any and every phase of a given controversy in one and the same action, and should be liberally construed by the court in furtherance of this most desirable and beneficial purpose.

In The Revisal of 1905, section 481, a counterclaim is described and declared to be as follows: "The counterclaim mentioned in section 479 must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action. Code, section 244; C. C. P., section 101. Subject to the limitations expressed in this statute, a counterclaim includes well nigh every kind of cross demand existing in favor of defendant against the plaintiff in the same right, whether said demand be of a legal or an equitable nature. It is said to be broader in meaning than setoff, recoupment, or cross action, and includes them all, and secures to defendant the full relief which a separate action at law, or a bill in Chancery, or a cross bill would have secured to him on the same state of facts. Green on Code Pleading and Practice, section 815, and our own decisions fully bear out this statement of the doctrine. *Bitting v. Thaxton,* 72 N. C., 541; *Hurst v. Everett,* 91 N. C., 399; *Lee v. Eure,* 93 N. C., 5; *Wilson v. Hughes,* 94 N. C., 182; *Electric Co. v. Williams,* 123 N. C., 51.

Under the old system of procedure the relief sought in defendant's answer was sometimes obtained in equity by way of cross bill. Enc. of Pl. & Pr., volume 4, page 525.

It will be noted that the requirement restricting a counterclaim to one that exists at the time the action was commenced is only stated in reference to the second-class of counterclaims described in the statute—those where, in an action on a contract, the breach of an entirely different and distinct contract is set up by defendant. This, for the very just and obvious

reason that when a plaintiff rightfully sues a defendant who owes him at the time the action is commenced, he shall not be put in the wrong and subjected to cost by allowing defendant to buy up claims sufficient or more than sufficient to offset his debt. But this limitation is not expressed with reference to counterclaims in the first subdivision of the statute. These must be existent and continue to exist between the same parties in the same right at the time they are offered and they must be then due, that is, not demands to become due in the future. And they must arise out of the same contract or transaction which is the foundation of plaintiff's claim, or they must be connected with the subject of the action—that is, generally speaking, the interest involved in the litigation, and very frequently this is the property itself.

As a matter of fact, in nearly every instance such a demand does exist when the action commences, but this is not the requirement of the statute, and if the counterclaim otherwise complies with the limitations of subdivision 1, and is not embraced in subdivision 2, it would seem to be sufficient if it matures at any time before answer filed and might be available if it matures at any time before the trial. There are several decisions in this State which seemingly conflict with this position, but a careful examination will, we think, disclose that they were either cases:

(a) Coming under the second subdivision of the statute, counterclaims by reason of separate and distinct contracts, or

(b) Cases which did not arise out of the transaction, the foundation of plaintiff's claim, or had no connection whatever with it; or

(c) Cases where no cause of action at all had accrued to defendant, either at the commencement of the action or at the time of trial. Thus, in *Satterthwaite v. Ellis,* 129 N. C., 67, to which we were referred by plaintiff's counsel, that was a cause of action to recover possession of property conveyed in a chattel mortgage before the debt was due. It was simply an

action to recover possession of property without more, and where no right to a reckoning had arisen or then existed in defendant. Any claim, therefore, for the simple use of the property, arose only from the seizure which was rightful and had no connection with the present application of the property to the payment of the debt which was not then due, nor to a right to the surplus which had not then arisen. So in *Griffin v. Thomas,* 128 N. C., 310, this being a counterclaim for a breach of warranty, might well come under the second subdivision and in this case there had been no breach of warranty either at the commencement of suit or the time of trial, and so no cause of action existed in favor of defendant at all.

In *Phipps v. Wilson,* 125 N. C., 106, which was claim and delivery for personal property, the answer denied plaintiff's title and set up wrongful seizure in the action as a counterclaim; here the plaintiff's demand, as stated in his complaint, was in direct contradiction of defendant's claim and it was necessary that it should be passed upon before defendant's right could be established. It was therefore manifest error to give judgment on defendant's counterclaim for want of a reply, when plaintiff's complaint or demand was in itself a denial of the defendant's right. As stated by the court in its opinion, such judgment was error, while the issues raised by complaint and answer were undetermined.

In *Puffer v. Lucas,* 112 N. C., 377, the claim of defendant was for breach of an executory contract, taking its rise subsequent to the commencement of the action, came within the second subdivision, and was directly prohibited by it, as a valid counterclaim.

In *Kramer v. Electric Co.,* 95 N. C., 277, an action to recover pay for services in which an attachment was sued out and levied on defendant's property, defendant set up counterclaim for wrongfully suing out attachment. This was a collateral matter, having no connection whatever with the trans-

action out of which the plaintiff's demand arose and so did not constitute a counterclaim at all.

In *Reynolds v. Smathers,* 87 N. C., 24, there is an intimation that there is the difference in the two sections of the statute here pointed out, and in *Ledbetter v. Quick,* 90 N. C., 276, a more decided intimation that the very counterclaim set up here would have been available to defendant.

Even if the present opinion should be found to conflict with some former decision, it is only a question of procedure not involving a rule of property, and we think it better that our present construction of the statute should be now declared the true one as more in accord with the spirit and letter of our Code which, as heretofore stated, designs and contemplates that all matters growing out of or connected with the same controversy should be adjusted in one and the same action.

A counterclaim connected with plaintiff's cause of action or with the subject of the same, will nearly always take its rise before action brought, but we hold that neither the statute nor the reason of the thing require that such counterclaim should necessarily or entirely mature before action commenced nor even before answer filed, if the provisions of The Code permit, and right and justice require that an amendment be allowed which will enable parties to end the same controversy in one and the same litigation.

There was error in refusing to submit the issue tendered by the defendant, or some proper issue on the question of an account, and a new trial is ordered.

New Trial.