W. B. COOPER v. W. A. HAIR.

(Filed 22 October, 1919.)

**Judgment—Credits—Execution Suspended—Reference.**

Where, under claim and delivery in an action, plaintiff has seized personal property of the defendant, including certain notes, which should have been allowed as a credit to the defendant by the referee, but not considered by him, though the question had been raised by the defendant's pleadings and exceptions, the execution on the judgment confirming the report adverse to defendant will be suspended until the proper amount of the credit can be ascertained and given.  *Smith v. French*, 141 N. C., 1, cited and approved.

APPEAL by defendant from *Calvert, J.*, at the August Term, 1919, of BLADEN.

This is an action on two notes, one for $1,254 secured by an agricultural lien, and the other for $287.78, secured by notes deposited as collateral, and an account for fertilizers also secured in said lien.

The plaintiff sued out claim and delivery papers in the action under which twenty-five bushels of corn and the collateral notes were seized and delivered to the plaintiff in January, 1916.

42—178

The issues joined between the parties were referred by consent and the referee has made a full report except that he does not find the value of the notes delivered to the plaintiff, and the defendant has received no credit therefor, although in his answer he demanded that the plaintiff be charged with the value of the notes, and he made this same demand in his exceptions to the report of the referee, and at the time the judgment was signed.

Judgment was entered in favor of the plaintiff, and the defendant appealed.

*Bayard Clark, McLean, Varser, McLean & Stacy, and Sinclair & Dye for plaintiff.*
*E. F. McCulloch, Jr., for defendant.*

PER CURIAM. The defendant is entitled to be credited with the value of the notes seized in this action and delivered to the plaintiff, under the authority of *Smith v. Franch,* 141 N. C., 1, and the execution upon the judgment is suspended until this amount can be ascertained by reference or otherwise, and due credit be given.

We have examined the other exceptions relied on by the defendant and find no error.

Modified and affirmed.