## ZABLOTNY v FRIGIDAIRE SALES CORP

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13334.  Decided July 3, 1933

S. J. Zablotny, for plaintiff in error.
Schaut, Foster & Krizman, for defendant in error.

LEVINE, J.

It is claimed on the part of plaintiff in error that pursuant to his complaints a representative of the company called at his office during the latter part of October, 1932; that he offered the representative the payment of $62.00 under protest; that the representative of the company refused to accept the same and advised plaintiff in error to withhold payment of same until he was advised of the company's final intention relative to the complaints.

On December 24, 1932, the defendant in error filed a replevin action against plaintiff in error, without having advised him of the company's final intention relative to his complaint and without any demand for the balance of $62.00.  Upon the issues of fact the bill of exceptions presents evidence which was offered by both sides.  The defendant in error presented evidence through Mr. Kennedy, sales manager of the corporation, which denied that there was any reduction in the price of the model of the Frigidaire purchased by plaintiff in error. As to this particular issue and other issues of fact we are unable to disturb the findings of the trial court who had the witnesses before him and had ample opportunity to judge of the weight of the evidence.

We are of the opinion that the vital question in this case is whether or not a demand is necessary by the chattel mortgagee for the balance of the purchase price before bringing a replevin action.  We are cited by

plaintiff in error to adjudicated decisions as follows:

Boswell v Laramie First Nat'l Bank, 16 Wy. 161.

"The reason of the rule requiring demand where the original taking was not wrongful, is that the possession under a lawful taking must be regarded as rightful, until someone having a superior right has asserted the same by asking that the property be delivered to him. And so the law presumes that a defendant who acquires possession rightfully will respect the rights of a true owner on being informed thereof and deliver the possession at once on request."

Shur v Statler, 2 O. Dec. (Rep. page 70, in which the court held that a demand is absolutely necessary.)

Wilmot v Lyon & Co., 11 O.C.C. Rep. 248, in which the court said:

"It is true that where a person comes lawfully and properly into the possession of goods and has a right to the possession, some steps must be taken to put an end to that possession, and that is generally, perhaps solely, by a demand."

54 Corpus Juris, page 449:

"A general rule is that a replevin will not lie against one who has obtained possession of the property lawfully until a proper demand is made, for the same and absence of any rebutting circumstances, that property which has come rightfully into the possession of the defendant and which he is not entitled to retain will be surrendered to the person thereto upon demand, and he should be given an opportunity to do so before being subjected to the expense and inconvenience of an action."

54 Corpus Juris, 527, parag. 216.

"Proof of demand is necessary where defendant pleads the general issue with a statement that he retains possession by the terms of a mortgage to plaintiff and with plaintiff's permission."

11 Corpus Juris 607, parag. 307.

"A demand for payment of the debt is necessary where it is necessary in order to establish a default." (Citing Moore v Ray, 108 N. C. 252; 12 SE 1035).

These citations, it is contended by plaintiff in error, establish the law applicable to this case that a demand for payment of the debt is necessary where it is necessary in order to establish a default. Our attention is called by defendant in error to the fact that the citation of plaintiff in error from 11 Corpus Juris 505 is incomplete and points out by way of supplement the following language:

"* * * or unless the mortgagee denies the mortgagor's right to possession (* * *) or it is apparent that a demand would be unavailing. In replevin by the mortgagee against the mortgagor, no demand and refusal need be shown, where the defendant places his defense on the right of possession at the time of the commencement of the action. When the mortgagee becomes entitled to possession because of the maturity of the mortgage debt, it has been held that a previous demand is not necessary to support detinue. * * * Citing Moore v Hurt, 124 N. C. 27, 32 SE 317, and Nordman v Wilkins et, 28 Ark 191, holding that the continued use and possession of the property mortgaged by the mortgagor after breach of condition or non-payment of the mortgage was thereafter such an adverse possession as entitled the mortgagee to bring an action for the possession of the property "without first making demand."

and also the following from 11 C.J. 606:

"An action for the possession of the mortgaged chattels may be maintained by the mortgagee against the mortgagor after default without a demand for payment of the note secured."

The chattel mortgage in this case provides that:

"If the mortgagor defaults in complying with the terms hereof, or the mortgagee deems the above property in danger of misuse or confiscation, the mortgagee may take immediate possession of said property without demand, including any equipment or accessories thereto, possession by the mortgagor after default being unlawful." * * *

We are of the opinion, in view of the contract between the parties, that further possession of the same by the mortgagor after default became unlawful and that no demand for the payment of the purchase price is necessary before bringing the replevin action. This seems to be the established law in Ohio. See 67 Oh St 535. Also 7 Ohio Jurisprudence 422.

In view of the foregoing, we conclude that the judgment of the Municipal Court was correct and it is therefore affirmed.

LIEGHLEY, PJ, and McGILL, J, concur in judgment.